STATE, Respondent, v. BOUTCH, Appellant.

*No. State 102. Submitted under sec. (Rule) 251.54 September 11, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 730.)

444

For the appellant the cause was submitted on the briefs of *Patrick R. Doyle* and *Doyle, Woodmansee & Asfoor,* all of La Crosse.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Steven B. Wickland,* assistant attorney general.

HANLEY, J. Defendant seeks a new trial on the ground of alleged prejudicial errors committed by the trial court. These alleged errors consist of the following:

1. The trial court erred in finding the evidence offered by the defense as to the issue of entrapment to be irrelevant and immaterial.

2. The trial court erred in refusing to allow defense counsel to recall the prosecution's witness and to examine him adversely.

*Relevancy and materiality.*

" ' "[t]he criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject of the inquiry." ' " *Zdiarstek v. State* (1972), 53 Wis. 2d 420, 428, 192 N. W. 2d 833.

Similarly, " '. . . *any fact which tends to prove a material issue is relevant, even though it is only a link in the chain of facts which must be proved to make the proposition at issue appear more or less probable. . . .'* (Emphasis supplied.)" *Oseman v. State* (1966), 32 Wis. 2d 523, 526, 145 N. W. 2d 766.

Thus, for the trial court to have been correct in ruling evidence concerning the issue of entrapment offered by defense counsel to be irrelevant said evidence must have been void of any tendency to make the existence of entrapment more probable than it would have been without the evidence. This is not the case.

The defense of entrapment hinges on the critical issue of the predisposition of the defendant to commit the crime. If it can be held that the "origin of intent" [1] of the defendant to commit the crime had its genesis with the state agents, then, as a matter of law, the defendant must be found not guilty of the crime with which he is charged. Evidence tending to negate this predisposition to commit the crime or "origin of intent" of the person committing the act is thus, under the above determined rationale, relevant.

While it was error on the part of the trial court to limit the scope of the cross-examination of Kim Kasabuske on the grounds that said evidence was irrelevant and immaterial, such error was harmless in that it failed to affect the substantial rights of the defendant. [2]

In *State v. Hochman* (1957), 2 Wis. 2d 410, 413, 86 N. W. 2d 446, this court stated:

"Entrapment is the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him."

If, however, the individual is so predisposed to commit the crime such that the intent to violate the law can be said to have originated in the mind of the individual and not the government agent, then the defense of entrapment is inapplicable. Entrapment is not a defense ". . . where it is found that the intent to commit a crime

---

[1] *Hawthorne v. State* (1969), 43 Wis. 2d 82, 168 N. W. 2d 85; *State v. Rice* (1967), 37 Wis. 2d 392, 155 N. W. 2d 116.

[2] Sec. 274.37, Stats. *Blackwell v. State* (1969), 42 Wis. 2d 615, 621, 167 N. W. 2d 587.

originates in the mind of a defendant . . . ." *State ex rel. Kowaleski v. Kubiak* (1950), 256 Wis. 518, 520, 41 N. W. 2d 605. "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." *United States v. Russell* (1973), 411 U. S. 423, 93 Sup. Ct. 1637, 36 L. Ed. 2d 366. The question to be determined is whether the defendant was so predisposed to commit the crime of sale of dangerous drugs that it can be held that the criminal design originated with him.

There is no dispute as to the essential facts in this case. On January 28, 1971, agent Kasabuske entered Your Uncle's Place, a beer bar in La Crosse, to purchase some MDA from another individual. Kasabuske couldn't locate this other individual, but did locate Pat Boutch.

Kasabuske testified that he approached defendant and asked him if he knew where he could get some weed. Defendant said he would try, and then walked over to another party and returned in about a minute and said he couldn't. He testified that the defendant approached another individual, came back and said he couldn't get any weed, but had some organic mesc to sell.

Kasabuske's testimony establishes that the defendant was predisposed to unlawfully sell a dangerous drug. There was no hesitancy on the defendant's part to solicit marijuana for or to sell organic mesc (LSD) to agent Kasabuske.

Likewise, the record shows no previous importunities on the part of agent Kasabuske nor refusals on the part of the defendant to purchase or sell dangerous drugs. It is, in fact, impossible to find any basis upon which to base a claim of entrapment. The defendant was not induced by state agents to commit a crime not contemplated by him. The record shows the defendant to be able and willing to supply such drugs without hesitancy on his

part whatsoever. The state has proven beyond a reasonable doubt that the accused had a prior disposition to commit the crime.

Defense counsel claims he was foreclosed from showing such illegal inducement on the part of the state. While it is true that defense counsel was foreclosed from cross-examining agent Kasabuske as to several facts, it is doubtless that even if defense counsel had not been so foreclosed, he could not have established the defense of entrapment.

Defense counsel states in his offers of proof that he would prove that agent Kasabuske misrepresented his identity and cultivated a close relationship with the defendant. Proof of such actions on the part of Kasabuske would not establish entrapment. "The Government may properly use decoys and undercover agents and may conceal the identity of its agents." *United States v. Pingleton* (7th Cir. 1972), 458 Fed. 2d 722, 724. Additionally, though friendship may be relevant in weighing the impact of the alleged governmental inducement on the defendant, the record fails to show that defense counsel was foreclosed from developing this fact. The record, in fact, indicates that the friendship of agent Kasabuske and the defendant was made known to the jury.

"Q. You became good friends with Boutch?
"A. I got to know Mr. Boutch quite well."

Defense counsel also claims he was foreclosed from cross-examining Kasabuske concerning a loan made by Kasabuske to Boutch and concerning several other purchases of drugs made by Kasabuske from other individuals while in Boutch's presence. The claims are without merit. Defense counsel was not precluded from cross-examination concerning a $2 loan made by Kasabuske to Boutch and repaid prior to the sale of drugs in question. The existence of said loan was in fact developed by

defense counsel on cross-examination and considered by the jury in its verdict. There is no basis to infer that Kasabuske loaned Boutch money in furtherance of any criminal activity.

The fact that Kasabuske purchased drugs from other individuals is also of little consequence in establishing the defense of entrapment. The only possible result of such actions on the part of the state agent would be to convince the defendant that he had a ready market at hand. Such actions are analogous to questioning the defendant as to the availability of drugs and certainly not improper.

The refusal of the trial court to permit defense counsel to establish the fact that Kasabuske spent the night several times at defendant's residence is likewise harmless. Such evidence, like evidence of friendship, may be valuable to defense counsel in showing the defendant's vulnerability to inducement on the part of the state. However, since defense counsel failed to establish any improper inducement or solicitation on the part of the state, the exclusion of such evidence is harmless.

Next, defense counsel claims he was precluded from cross-examining Kasabuske concerning a trip to Madison involving Kasabuske, the defendant and several other individuals. The argument has no basis in fact. Defense counsel did develop the fact that the defendant and several other individuals were driven to Madison by Kasabuske for the purpose of purchasing drugs. The evidence was before the jury because the record shows the jury returned to court and questioned as to the date of the Madison trip. Nowhere is there any evidence that Kasabuske induced Boutch to go along. The mere fact that a government agent provided the transportation or another essential element for such a venture does not in any way establish entrapment or a violation of due process. *State v. Rice, supra.*

*Refusal to allow recall of prosecution witness.*

Defense counsel argues that the trial court erred in refusing to permit him to call adversely the state's witness after the witness had been excused from further cross-examination by the defense attorney. We do not agree. While an attorney may have a limited right at the court's discretion to recall an adverse witness, that right has been limited solely to the introduction of a foundation for impeachment. *Parham v. State* (1972), 53 Wis. 2d 458, 192 N. W. 2d 838. However, "[a]fter an attorney has excused an adverse witness from cross-examination, he has no right to recall such witness to continue general cross-examination . . . ." *State v. Cassel* (1970), 48 Wis. 2d 619, 622, 180 N. W. 2d 607. The record indicates that all defense counsel intended to do was to continue general cross-examination. The degree and manner of cross-examination in criminal cases are matters lying largely in the discretion of the trial court. Under the circumstances, there was no abuse of discretion by the trial court.

*By the Court.*—Judgment affirmed.