STATE of Wisconsin, Plaintiff-Respondent,

v.

Leroy C. OLSON, Defendant-Appellant.†

Court of Appeals

*No. 93–0440–CR.  Submitted on briefs August 16, 1993.—Decided October 26, 1993.*

(Also reported in 508 N.W.2d 616.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *William L. Gansner*, assistant attorney general, of Madison.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Ruth S. Downs*, assistant state public defender, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Leroy Olson appeals both the judgment of conviction for two counts of second-degree sexual assault against his teenage stepdaughter, Tami T.,[1] and an order denying postconviction relief. He claims that his statutory and constitutional right to an

---

[1] Section 940.225(2) provides:

> Second degree sexual assault. Whoever does any of the following is guilty of a Class C felony:

impartial jury was violated by the failure of a juror to disclose that she had been the victim of a sexual assault. He also claims that the exclusion of extrinsic evidence that the complaining witness made a prior false allegation of sexual assault against another person violated his sixth amendment right to confront the witnesses against him in a criminal prosecution.

## RIGHT TO AN IMPARTIAL JURY

■ Both the federal and state constitutions guarantee an accused an impartial jury. U.S. Const., amends. VI and XIV; *Irvin v. Dowd*, 366 U.S. 717, 722 (1961); Wis. Const., art. I, § 7; *State v. Gesch*, 167 Wis. 2d 660, 666, 482 N.W.2d 99, 101-02 (1992).[2] In addition, sec. 805.08(1), Stats., provides that "[i]f a juror is not indifferent in the case, the juror shall be excused."

A juror testified at a postconviction hearing that she had been sexually assaulted thirty years earlier by a family friend, beginning when she was about eleven years old and continuing into her teen years when the conduct escalated to sexual intercourse. She admitted that she knew at the trial that the voir dire called for a

---

(a)  Has sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence.

[2] The sixth amendment to the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." Wisconsin Constitution, art. I, § 7, provides in part: "In all criminal prosecutions the accused shall enjoy the right . . . in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed . . . ."

disclosure, but that she failed to do so because she was ashamed to admit to the experience in front of strangers.[3] The juror also testified, however, that she did not sympathize with the victim in this case because of her similar experience, that during the course of trial she did not find that she had any bias or prejudice for or against Olson, and based her decision upon the evidence and the judge's instructions.

The juror's childhood experience came to light as the result of her disclosure to Olson's attorney seven months after the trial. The juror approached the attorney, whom she knew, at a tavern, and told him that she felt remorseful, that "every night when I go to bed I see Leroy Olson's face . . . . He deserves a new trial."

At the conclusion of the hearing, the trial court rejected the motion for a new trial. It indicated that it was impressed with the juror's candor at the hearing, and found that her experience did not influence her during the trial and did not cause her to sympathize with Tami or to be prejudiced toward Olson.

■

The parties agree that *State v. Wyss*, 124 Wis. 2d 681, 370 N.W.2d 745 (1985), *overruled on other grounds*, 153 Wis. 2d 493, 505, 451 N.W.2d 752, 757 (1990), sets forth a two-part test to be applied to determine whether a new trial should be ordered because a juror has failed to answer accurately questions on voir dire. Disclosure of such a failure will not per se require a new trial, but the party complaining of the juror's action must demonstrate:

---

[3] The voir dire questions at issue were asked by the prosecutor and inquired whether any jurors had been a victim of rape. The juror conceded and the state acknowledges that the questions called for a disclosure of sexual assault without consent.

(1) that the juror incorrectly or incompletely responded to a material question on *voir dire*; and if so, (2) that it is more probable than not that under the facts and circumstances surrounding the particular case, the juror was biased against the moving party.

*Id.* at 726, 370 N.W.2d at 766.

The state does not dispute that Olson has met the first part of the test. The trial court, however, based upon its findings of the juror's credibility at the post-conviction hearing, concluded that it was more probable than not that the juror was not biased against Olson.

We conclude that the trial court's decision with regard to the juror's state of mind at the time of trial is reviewed as a question of fact. Findings of fact shall not be set aside unless clearly erroneous. Section 805.17(2), Stats. The court's factual finding with regard to the juror's bias in this case is not clearly erroneous, and we therefore affirm that finding.

*Wyss* also holds, however, that the law recognizes that a juror's bias may sometimes be implied without regard to whether that person is actually biased. *Id.* at 730, 370 N.W.2d at 768. Thus, the law disqualifies persons who are related by blood or marriage to any party appearing in the case, or who has a financial interest in the case. *Id.* Olson argues that the juror's experience as the victim of a sexual assault similar to the complaining witness should create an implied bias as a matter of law, and disqualifies the juror regardless of her claimed state of mind. We disagree.

The failure of a victim of sexual assault to honestly answer a question about her experience on voir dire

720

should not give rise to an irrebuttable presumption of bias or prejudice. The issue is better addressed on a case-by-case basis and resolved through consideration of all of the surrounding facts and circumstances.

Here the undisclosed assault occurred some thirty years prior to the trial. The juror's motive for remaining silent and the reasonableness of her explanation was readily discernable. First, she voluntarily approached defense counsel to explain her remorse, and her claimed embarrassment at the prospect of disclosure in front of strangers is easily understood. Thus, the issue of bias or prejudice was amenable to a factual inquiry. There may be cases where the potential for substantial emotional involvement by a juror is so great that the court should imply bias as a matter of law regardless of the juror's subsequent testimony. This is not such a case.

## EVIDENCE OF PRIOR FALSE ACCUSATIONS

Olson argues that the trial court erred by excluding extrinsic evidence tending to show that Tami made a prior false allegation of sexual assault. The court heard pretrial telephonic evidence to decide Olson's motion to admit such evidence.[4]

At the pretrial hearing, Tami denied that her prior accusation was false. She said that she had informed several people of a sexual assault by Rodney McCutch-

---

[4] Section 971.31, Stats., provides in part:

Motions before trial.

. . . .

(11) In actions under s. 940.255 or 948.02, evidence which is admissible under s. 972.11(2) must be determined by the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial.

eon in the summer of 1989 when she was staying in the McCutcheon home in Indiana.

One of the persons she named, Robert Koenig, a baptist minister in the Indiana church where McCutcheon was a parishioner, denied that he had such conversation with Tami. He did indicate that he had received a report from a third person about McCutcheon's alleged misbehavior. Koenig testified that he told McCutcheon that if it had happened, he had to stop, and if it had not happened, then he or his wife should talk to Tami. McCutcheon denied any sexual assault and acknowledged the conversation with Koenig.

The trial court ruled that sec. 906.08(2), Stats., prevented the introduction of extrinsic evidence of the Indiana incident because it was collateral to the issue on trial. The court permitted Tami to be cross-examined about the incident. The degree and manner of cross-examination in criminal cases is largely a matter within the discretion of the trial court. *State v. Boutch*, 60 Wis. 2d 443, 451, 210 N.W.2d 730, 734-35 (1973).

*Olson* relies upon *State v. DeSantis*, 155 Wis. 2d 774, 456 N.W.2d 600 (1990), for the proposition that the testimony of McCutcheon and Koenig was admissible. *DeSantis* upheld a trial court's exclusion of evidence of an alleged prior false sexual assault accusation by the complaining witness offered pursuant to the rape shield law, sec. 972.11(2), Stats.[5] *DeSantis*

---

[5] Section 972.11(2) provides in part:

Evidence and practice; civil rules applicable.

. . . .

expressly notes that neither of the parties to that appeal raised or discussed sec. 906.08(2), Stats. *Id.* at 784-85 n.4, 456 N.W.2d at 605 n.4. This court in *State v. Rognrud,* 156 Wis. 2d 783, 787, 457 N.W.2d 573, 575 (Ct. App. 1990), held that sec. 906.08(2), Stats.,[6] forbids use of extrinsic evidence to impeach a witness' credibility on a collateral matter, citing *McClelland v.*

(2)(a)   In this subsection, "sexual conduct" means any conduct or behavior relating to sexual activities of the complaining witness, including but not limited to prior experience of sexual intercourse or sexual contact, use of contraceptives, living arrangement and life-style.

(b)   If the defendant is accused of a crime under s. 940.225, 948.02, 948.05 or 948.06, any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31(11):

1.   Evidence of the complaining witness's past conduct with the defendant.

2.   Evidence of specific instances of sexual conduct showing the source or origin of semen, pregnancy or disease, for use in determining the degree of sexual assault or the extent of injury suffered.

3.   Evidence of prior untruthful allegations of sexual assault made by the complaining witness.

[6] Section 906.08(2) provides:

Evidence of character and conduct of witness . . . .

(2)   Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

This court filed its opinion in *Rognrud* on May 30, 1990, while the supreme court decided *DeSantis* on June 25, 1990.

*State*, 84 Wis. 2d 145, 159, 267 N.W.2d 843, 849 (1978). A matter is collateral if the fact to which error is predicated could not be shown in evidence for any purpose independently of the contradiction. *Id.* at 159, 267 N.W.2d at 850 (citing 3A WIGMORE ON EVIDENCE § 1003, at 961 (1970)). McCutcheon's and Koenig's testimony was collateral in Olson's trial.

*DeSantis* and *Rognrud* are consistent. The former sets forth the test to determine whether any inquiry may be made into the evidence of a prior false allegation of sexual assault, and the latter limits the method by which such inquiry may be made, i.e., by cross-examination of the complaining witness.

Contrary to Olson's contention, *Rognrud* does not violate his constitutional right to confront the witnesses against him and to present a defense.[7] Admission of all evidence that is the least bit probative of credibility is not always constitutionally required. *United States v. Bartlett*, 856 F. 2d 1071, 1088 (8th Cir. 1988). Reasonable limits may be based upon inquiry into matters impacting on a prosecution witness' credibility "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475

---

[7] The sixth amendment to the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor . . . ."

Wis. Const., art. I, § 7 provides in part: "In all criminal prosecutions the accused shall enjoy the right . . . to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf . . . ."

U.S. 673, 679 (1986). This is particularly true where the attack on credibility is based on prior alleged false allegations as opposed to a more particular attack on credibility aimed toward revealing possible biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. *Hughes v. Raines*, 641 F.2d 790, 793 (9th Cir. 1981) (citing *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). The circuit court did not violate Olson's right to confront the witnesses against him and to present a defense when it limited the extrinsic evidence but permitted cross-examination of the complaining witness on the issue.

*By the Court.*—Judgment and order affirmed.