DUPY, <em>qui tam vs.</em> WICKWIRE.

An act of the legislature directing a deposition to be read in the trial of a cause, is an interference with the Judiciary department, is retrospective in its operation, a legislative sentence rather than a law, and void; being against the constitution of this State, and the constitution of the United States.

A deposition taken to be used in a *qui tam* action is admissible, and may be read in evidence, although, in the caption the prosecutor be stated as the sole plaintiff, omitting the *qui tam.*

THIS was an action of debt for three hundred dollars, brought on the eleventh section of the act providing for the support of the poor, in which the plaintiff, who sues, as well in his own behalf, as in behalf of the town of Readsborough, declares, that the defendant did, on the 15th day of June, 1810, transport into the town of Readsborough, one Jacob Morse, a poor person, not having a legal settlement in said town, with an intent to make the said town of Readsborough, chargeable with the maintenance of the said Jacob Morse.

*Bennington*
*February.*
*1814.*

*Wright,* for the plaintiff, on trial, offered the deposition of Jacob Morse, the pauper. In the caption of the deposition, the cause in which it was to be used, was entitled an action, in which Joshua Dupy is plaintiff, and Reuben Wickwire is defendant, omitting the *qui tam.* Morse the pauper had died, pending the action; and the deposition having been rejected, on the trial of the action in the County Court, the plaintiff had procured an act of the legislature,

directing the deposition to be read in any future trial, of the action, notwithstanding, the irregularity in the caption.

*Fay*, for the defendant, objected to the admission of the deposition. It is not taken to be used in this cause ; the omission of *qui tam* is fatal. Joshua Dupy *qui tam v.* Reuben Wickwire, is an action totally different, from an action, Joshua Dupy *v.* Reuben Wickwire.

*Wright*, for the plaintiff contended, that the omission of *qui tam* did not vary the title of the action. Such action is considered as in substance, an action in favor of the prosecutor, and he is treated as the sole plaidtiff, 2 Hawdins, 379. But, as the Court below, had rejected the deposition, the plaintiff had procured an act of the legislature to be passed, directidg the deposition to be read, and he produced a copy of the act.

*By the Court.* If the plaintiff be entitled to read the deposition in this case, he is not entitled to read it by virtue of the act of the legislature. The act is most clearly unconstitutional and void. It is an attempt of the legislature to make a judicial decision in a particular case ; but the constitution of this State, prohibits the legislature from the exercise of any judicial powers. The act is also retrospective in its operation, is rather in the nature of a legislative sentence, order or decree, than of a law. Besides, if the deposition was not legally taken in this case, it is a mere voluntary affidavit. And, the person making such a voluntary affidavit, does not subject himself to the pains and penalties of perjury, for any false swearing in such affidavit ; it is not taken, therefore, under that security to which the person, against whom it is to be read, is entitled ; nor, can any *ex pos facto* law give that security. Suppose this deposition to have been false, in some material fact, and that Morse were not dead, but gone to some parts unknown, and, by virtue of this act his deposition read, and a verdict obtained against the defendant, and Morse should return ; could he be convicted of perjury, for swearing falsely in giving the deposition ? Certainly not. Even if the legislature should have specially provided, that the deponent, should be liable to all the pains and penalties of wilful and corrupt perjury, for false swearing ; such *ex pos facto* provision would have been void, as being against the constitution of this State, the constitution of the United States, and even against the laws of na-

ture. The deposition, therefore cannot be admitted on the author- *Bennington February. 1814.* ity of the act of the legislature.

But, the Court on consideration are of opinion that the deposition is legally taken. It seems to have been settled that the person suing in such case may bring the action in his own name only. In Eng- land, the writ may be brought *qui tam,* and the declaration be in the name of the person prosecuting only—and, that there is no ne- cessity that the writ or declaration should express the *qui tam.* The person prosecuting may well be considered as the sole plaintiff. The title of the action given in the caption of the deposition is suffi- ciently correct.

*Dupy vs. Wickwire.*

Let the deposition be read.