ARETUS STEPHENS, APPELLANT, *v.* MARGARET JOYAL, ADMINISTRA-
TRIX OF JOSEPH E. JOYAL'S ESTATE, APPELLEE.

### Evidence. Deposition.

Upon the question of whether the witness's father was living in October, 1855, the witness testified that he supposed he died in 1854. On cross-examination the witness denied having said that he received a letter in 1861, stating that his father was dead, but that he knew better, as the letter was in his father's handwriting,—and also denied telling his sister-in-law in 1861, that his father had gone back to live with his mother again; and it was *held* error for the county court to exclude testimony offered by the other side, to prove that the witness had made the statements which he denied.

The citation for taking a deposition described the parties as, "Aretus Stephens is plaintiff, and Margaret Joyal, so called, administratrix of the estate of Joseph E. Joyal, is defendant." The caption described them as, "Aretus Stephens as plaintiff, and Margaret Joyal, so called, is administratrix, is defendant." On the docket the case was entitled, "Aretus Stephens *v.* Joseph E. Joyal's Estate." The said Margaret was in fact the defendant in the suit. *Held*, that the deposition was admissible.

APPEAL from a decree of the probate court, assigning to the said Margaret, who claimed to be the widow of the said Joseph, who died intestate, all the real and personal estate of the decedent. The court, at the April term, 1872, ROYCE, J., presiding, affirmed the decree of the probate court.

The only question on trial was, whether at the time of her marriage to the said Joseph, the said Margaret's former husband, George Edwards, was living. She was married to said Edwards in 1842, at Highgate, Vermont, and lived with him till May, 1854, and had six children by him. She was married to the said Joseph in October, 1855, in the state of New York. The defendant introduced as a witness Adam Edwards, son of George Edwards and the said Margaret, who testified that he supposed his father died in 1854; and on cross-examination testified that he never said he had received a letter in 1861, stating that his father was dead, but that he knew better, as the letter was in his father's handwriting. He also denied having told his sister-in-law in 1861 that his father had gone back to live with his mother. The plaintiff offered a witness to show that in 1861 the witness had a conversation with the said Adam Edwards, in which the said Adam told the witness that he had shortly before received a letter, stating that his father was dead, but that he knew he was

not, as the letter was in his father's handwriting, and that it was done to keep his mother from following him. The plaintiff also offered to show by the said Adam's sister-in-law, and by her mother, that in 1861 he told his sister-in-law that his father had one ba ck to live with his mother again. The plaintiff also offered a witness to show that shortly before the said Joseph and Margaret were married, the said Joseph came to the witness to borrow a dollar, and said that he was going to marry Margaret; that she was —— smart, and if he did not get shot he didn't care. Also, to show that about three years after this, the witness again saw the said Joseph, who told him he was afraid he might get shot; that he was satisfied Margaret had another husband living, and he thought it a good time to leave, and he had left, as " he might get a ball put through him." The plaintiff also offered a witness to show that in 1861 the witness was loading a vessel at Port Henry, N. Y., when one Lucas, with whom the witness was acquainted, came on board with a man whom he introduced to the witness as George Edwards; that the usual salutations were exchanged, and the witness inquired of said person if he had a son William Edwards, living in Highgate, and he said he had. The plaintiff further offered to show that the witness was acquainted with William Edwards, and that two or three years after the occasion aforesaid, the witness was in the army, and there saw the said William and talked with him about his father, and that the said William then told him that his father was living, and that he had just had a letter from him. To the admission of all which testimony the defendant objected, and the court excluded the same; to which the plaintiff excepted.

The plaintiff offered the deposition of Richard Moore, to which the defendant objected, because in the citation the parties were described as, " Aretus Stephens, plaintiff, and Margaret Joyal, so called, administratrix of the estate of Joseph E. Joyal, is defendant "; while in the caption the description was, " Aretus Stephens is plaintiff, and Margaret Joyal, so called, is administratrix, is defendant." The case was entitled on the docket, "Aretus Stephens v. Joseph E. Joyal's Estate " The court excluded the deposition; to which the plaintiff excepted.

*Davis & Adams*, for the plaintiff.

1. The statements made by Joseph E. Joyal shortly before his · marriage to Margaret, and again three years afterwards, should have been admitted. *Holbrook et als.* v. *Murray et al.* 20 Vt. 525 ; *Miller* v. *Wood et al.* 44 Vt. 378.

2. The testimony offered to show that in 1861 Adam Edwards made the statements referred to in the case to the witness, and the declaration to his sister-in-law, were clearly admissible.· He, on the examination-in-chief, was permitted to testify that he supposed his father died in 1854. If this testimony was not admissible as tending to show that such was the fact, certainly, testimony to show that in fact he did not so suppose, was clearly admissible. *Holbrook* v. *Holbrook*, 30 Vt. 432 ; *State* v. *Dennin*, 32 Vt. 158 ; · *McAuley* v. *Western Vt. R. R. Co. et al.* 33 Vt. 311 ; *Hutchinson* v. *Wheeler*, 35 Vt. 330.

3. The deposition of Richard Moore was improperly excluded. *Carr & Blanchard* v. *Manahan*, 44 Vt. 246 ; *McCrillis* v. *McCrillis*, 38 Vt. 135 ; *Adams* v. *Flanagan et al.* 36 Vt. 400 ; *Perrin* v. *Granger et al.* 33 Vt. 101.

*Royce & Hall* and *Pelton*, for the defendant.

The parol testimony offered by the plaintiff and excluded by the court, was of such a character as not to be admissible in any case—not even to impeach Adam Edwards. For that part of his testimony which some part of this evidence would apparently contradict, was drawn out on cross-examination ; and being new matter, he, as to that, became their own witness, and they cannot, in this manner, impeach him.

The deposition of Richard Moore was properly excluded. All parties to the suit, both plaintiffs and defendants, must be correctly named in the caption and certificate of the deposition. *Dupy* v. *Wickwire*, 1 D. Chip. 237 ; *Swift* v. *Cobb et als.* 10 Vt. 282 ; *Haskins* v. *Smith et als.* 17 Vt. 263.

The opinion of the court was delivered by

REDFIELD, J. I. The appellee improved Adam Edwards as a witness, to prove that his father, George Edwards, (the former

husband of the defendant administratrix,) died in the year 1854; and on cross-examination, he denied that he had ever said "that he received a letter in 1861, stating that the said George Edwards was dead, but he knew better, as the letter was in his father's handwriting." He also denied that he had told his sister-in-law, in 1861, that "his father (the said George Edwards) had gone back to live with Margaret again." The appellant then offered to prove by the sister-in-law of said Adam, and other witnesses, that the witness did make the declarations which he denied on the stand. These declarations were clearly inconsistent with the testimony of the witness given in chief; and we think the testimony admissible to contradict and impeach the witness. The counsel for the appellant, in argument, claim that the testimony was admissible as substantive evidence to prove that the said George Edwards was living in 1861; and it is not improbable that the court may have understood that the evidence was offered solely for that purpose. But, for the purpose of impeachment, it was admissible, and its exclusion for all purposes, we think was error.

II. The deposition of Richard Moore was rejected on the ground of defect in the caption. The parties are described in the citation as, "Aretus Stephens is plaintiff, and Margaret Joyal, so called, administratrix of the estate of Joseph E. Joyal, is defendant"; while in the caption, the parties are described as, "Aretus Stephens as plaintiff, and Margaret Joyal, so called, is administratrix, is defendant." On the docket the case is entitled, "Aretus Stephens v. Joseph E. Joyal's Estate." There is no claim that the adverse party suffered for want of notice, by reason of defect in the citation; and the docket entry is no part of the deposition; nor does it necessarily give the true title of the case. The sole inquiry is as to the sufficiency of the title of the case and description of the parties, in the caption of the deposition. The statute form requires that the caption should state the names of the plaintiff in the "cause." The plaintiff is properly named in this caption; and the defendant is stated to be "Margaret Joyal, administratrix," but the estate which she represents is not named, and we think it not necessary that it should be.

Margaret Joyal is, in fact, the *party defendant.* She represents the estate, but the estate is not the party. The caption states that she defends as administratrix. It was held in *Dupy* v. *Wickwire, qui tam,* 1 D. Chip. 237, referred to by the defendant, that the caption of a deposition in a suit brought *qui tam,* need name only the prosecutor as plaintiff, omitting the *qui tam.* The "*qui tam*" is merely descriptive of the *character* of the suit, but not a necessary part of the name. An administrator may in many cases, declare in his own name in matters touching the estate, omitting altogether allegations of his representative character. *Perrin* v. *Granger et al.* 33 Vt. 101 ; *Aiken* v. *Bridgman,* 37 Vt. 249. No case has been cited, and we are aware of none in this state, that would establish so stringent a rule as would exclude this deposition for defective caption. And since by statute the use of *ex parte* depositions is excluded, the court feel no inclination to extend the criticism of technical forms, for the purpose of excluding testimony taken on fair notice to the adverse party. A substantial deviation from the requirements of the statute, especially when the adverse party may have suffered thereby, must always operate to exclude the testimony. But we do not deem this of such a character. We think the deposition legally admissible for some purposes, and that its exclusion was error.

The judgment of the county court is therefore reversed, and the cause remanded.