## C. O. Granai v. Witters, Longmoore, Akley & Brown et als

[194 A.2d 391]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed October 1, 1963

*C. O. Granai, pro se.*

*Witters, Longmoore, Akley & Brown, pro se.*

**Shangraw, J.** The petitioner comes to us seeking a writ of prohibition as provided for by 12 V.S.A. §4041 *et seq.* He seeks to restrain the petitionees from the hearing and disposition of two divorce actions pending in the Orleans County Court, entitled *LaRose* v. *LaRose,* docket No. 8744, and *Reed* v. *Reed,* docket No. 8841.

The petitionees, Witters, Longmoore, Akley & Brown, attorneys, appeared for the libellants in these divorce actions and requested a hearing thereof. The cases were set to be heard on May 6, 1963 by the Orleans County Court.

The petitioner appeared as attorney of record for the libellees and brought this petition under date of May 2, 1963, seeking to enjoin a hearing of these divorce actions. The grounds alleged are that he is the duly elected and acting city representative of the City of Barre, Vermont, to the General Assembly then in session in Montpelier, and in the petition claimed the privileges and rights afforded by Title 12, V.S.A. §1902 as grounds for a continuance. Based upon the facts alleged a temporary restraining order was issued on May 2, 1963.

12 V.S.A. §1902 provides:

"When a civil cause is pending in any court of the state in which cause a member or official of the general assembly is a party or an attorney of record, said cause shall not be heard or tried during the session of the general assembly unless this privilege is waived in writing by said party or his attorney."

No waiver of the provisions of the above section was filed by the libellees in these actions, or by the petitioner as their attorney.

The petitionees have met this application for a writ of prohibition by a motion to dismiss, which in so far as here material is as follows:

"1. It violates Section 1 of Article XIV of the Federal Constitution because it denies to persons within the jurisdiction of the State of Vermont the equal protection of the laws; and

2. It violates Section 28 of Chapter II of the Vermont Constitution because under the provisions of the statute Courts of Justice would be unable to impartially administer justice without unnecessary delay."

By the motion to dismiss we are squarely led to the question as to whether 12 V.S.A. §1902 transgresses or infringes upon the powers

delegated to the courts of this State under the Vermont Constitution. By its restriction of judicial processes, does this statute result in an unreasonable and unconstitutional curtailment or deprivation of the rights in our courts, guaranteed to persons of this State under its Constitution?

In dealing with the plan or frame of government, Section 5, Chapter II of the Vermont Constitution provides that "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Thus we have a constitutional separation of powers of the state departments. See *Dupy* v. *Wickwire,* 1 D. Chip. 237, 238; *Ward* v. *Barnard,* 1 Aik. 121, 128; *Trybulski* v. *Bellows Falls Hydro-Electric Co.,* 112 Vt. 1, 8, 20 A.2d 117; and *In re Constitutionality of House Bill 88,* 115 Vt 524, 529, 64 A.2d 169.

In dealing with legislative powers of the General Assembly, our Vermont Constitution, Chapter II, section 6, in part provides; ". . . but they shall have no power to add to, alter, abolish, or infringe any part of the Constitution."

The constitutional command to the courts of this State is to administer justice promptly and without unnecessary delay. In the first sentence of section 28, Chapter II of the Vermont Constitution we find this provision: "The Courts of Justice shall be open for the trial of all causes proper for their cognizance; and justice shall be therein administered, without corruption, or unnecessary delay." Chapter I, Article 4 of the State Constitution further provides that every person ought to obtain right and justice, etc. "promptly and without delay; conformably to the laws."

To grant a continuance of cases is a discretionary matter on the part of the courts of this state. 12 V.S.A. §1902 deprives the courts of this judicial discretion to the extent therein referred to. The General Assembly of Vermont was in session during the year 1961 nearly seven months, and the 1963 session about six. It becomes apparent that if this statute is to be regarded as a lawful exercise of legislative power, the courts would be powerless to act in this or in any other category which the legislature might deem proper to protect or grant a special privilege.

It is the function of courts to maintain constitutional government. Chapter I, Article 4th of the Vermont Constitution provides that a

remedy at law is secured to all by stating that, "Every person within this state ought to find a certain remedy,. . . . completely and without any denial: . . ." There are no peculiar rules or exemptions for a particular occupation. The effect of the statute under consideration is to grant to a member or official of the legislature, if a party or an attorney of record, a privilege or indulgence in our courts which no other person has or enjoys. For all practical purposes it can hardly be assumed that any court of this state would require the attendance in court of a member or official of the legislature under circumstances when their duties in the legislature were more compelling.

To forestall and prevent the trial of cases by invoking the statute might result in unjustifiable delay in the disposition of cases so affected, and possible hardship to parties seeking redress in our courts. By its enactment the legislature intruded itself into the internal administration reserved unto the judiciary, thereby depriving the courts of authority to decide when cases governed by the statute may be called for trial. Quoting from 11 Am. Jur. Constitutional Law, §206, "Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional." See *People ex rel. Burby* v. *Rowland,* 155 N.Y. 270, 49 N.E. 775, 41 L.R.A. 838; *State ex rel Kostas* v. *Johnson,* 224 Ind. 540, 69 N.E.2d 592, 115 A.L.R. 1118.

The act thus infringes upon the normal judicial processes delegated to the judiciary, and guaranteed to litigants under the Vermont Constitution. By its enactment the legislative branch of the state government usurped the constitutional power of the judiciary. This statute thwarts the constitutional mandate to the judiciary requiring that justice be administered promptly and without unnecessary delay. It runs counter to the constitutional safeguards and commands of the Vermont constitutional provisions referred to in this opinion. This is conclusive against its validity, and we so hold.

The petitionees have further urged in their motion to dismiss that the act in question violates Section 1 of Article XIV of the federal Constitution, because it denies to persons within the jurisdiction of the State of Vermont the equal protection of the laws. In holding that 12 V.S.A. §1902 is violative of the Vermont Constitution, there is no occasion to pass upon the federal question.

*The petition for a writ of prohibition is dismissed.*