## Reginald Knight v. LaClair's Auto Body

[497 A.2d 368]

No. 83-122

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 24, 1985

*Vincent Illuzzi* and *Susan A. Davis*, Law Clerk (On the Brief), Orleans, for Defendant-Appellant.

Gibson, J. Defendant appeals a small claims judgment, after trial by court, in the amount of $500, plus interest and costs.

Defendant's attorney was not present during the trial, and claims that entry of judgment in his absence was error. Defendant's attorney is a member of the Vermont State Senate. Defendant bases its appeal upon the provisions of 21 V.S.A. § 496(f), which provides that an attorney-legislator shall be excused from court appearance whenever legislative duties are more "compelling" than his or her judicial duties. We affirm the judgment below.

The facts are as follows. On September 28, 1982, plaintiff filed a complaint in small claims court, seeking monetary damages for unsatisfactory body work on his motor vehicle. On October 4, the clerk forwarded the complaint to defendant, which answered on October 28. Defendant's answer denied the allegations and stated that Vincent Illuzzi would be its attorney. However, no appearance was entered by attorney Illuzzi until January 28, 1983, the scheduled date of trial. On that day, Mr. Illuzzi filed a letter with the court stating that he was not familiar with the case and requesting that the matter be scheduled on a Monday so that he could attend without interfering with his legislative duties.

On January 28, 1983, the trial commenced as scheduled, with the following exchange:

| THE COURT: | You are here, Mr. Knight. Anybody here from LaClair's Auto Body? |
| MR. KNIGHT: | I haven't . . . seen anybody. |
| THE COURT: | Come on in and sit down. |
| COURT OFFICER: | No one's here. |
| THE COURT: | All right. |

The trial transcript indicates that the attorney's letter was not part of the court's file when trial commenced. With plaintiff present and defendant absent, and with no continuance having been granted to defendant by the court, the court duly proceeded with the scheduled hearing on the merits. Plaintiff then presented his case, upon which the court issued findings from the bench, awarding judgment for $500, plus costs and interest from the date of the complaint.

Defendant's attorney thereafter filed a "Motion to Set Aside Default Judgment," but failed to appear for the hearing on that motion. Instead, he filed a motion for continuance because

of a legislative conflict, asking that the matter be continued until the end of the legislative session. The court denied both motions, stating that plaintiff had twice appeared in court, having received no notice of defendant's continuance requests. The court also pointed out that the judgment had been awarded after trial, and not as a result of defendant's default.

Defendant's appeal is based upon a claim that 21 V.S.A. § 496(f)[1] does not permit a judge "arbitrarily" to deny continuance "if defendant's counsel is compelled to appear before the General Assembly on the same day . . . and the matter involves a complaint in small claims court." Defendant contends that the attorney's letter was a motion to continue, on grounds of legislative priority, the trial that had been set for January 28, 1983. However, the letter failed to indicate that it sought continuance of a scheduled hearing, and, rather than claiming priority for the attorney's legislative duties pursuant to 21 V.S.A. § 496(f), simply said that the attorney was "not familiar with the case." Not only was the letter untimely, but it was also inadequate as a matter of law to raise a claim of legislative priority.

The court's ruling rejecting the "Motion to Set Aside Default Judgment" was also proper. D.C.C.R. 55(c) permits the court to set aside an entry of default "[f]or good cause shown," and "if a judgment by default has been entered, . . . [to] set it aside in accordance with Rule 60(b)." The movant must show no "culpable negligence or deliberate purpose to delay." *Childs* v. *Hart*, 131 Vt. 241, 243, 303 A.2d 139, 141 (1973); see also 11 C. Wright & A. Miller, Federal Practice & Procedure § 2858, at 170–71 (1973) (movant must show that his omission was justified).

---

[1] 21 V.S.A. § 496(f) provides:

> Any attorney, party, witness or juror who, while a member of and during sessions of the general assembly, is assigned or scheduled to appear in any court of the state of Vermont shall be entitled to a leave of absence or postponement from such judicial duties when his or her duties in the legislature are more compelling, for the purpose of allowing the member to perform any official duties in connection with his or her elected office. The leave of absence or postponement shall not prejudice the member or the cause involved.

■ In denying the motion, the court explained that not only had the judgment not been by default, but also that, although no continuances had been granted, plaintiff had appeared twice and defendant had twice failed to appear. Defendant has demonstrated neither "good cause" nor grounds that would be sufficient under D.C.C.R. 60 even had the judgment been by default. Therefore, he was not entitled to relief under D.C.C.R. 55(c), and the court was justified in refusing to set aside the judgment on the merits. Compare *Ben Sager Chemicals International, Inc.* v. *E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (no grounds for relief under Rule 60(b) where attorney's claimed preoccupation with other matters was not shown to have caused the omission).

■ Defendant further argues that 21 V.S.A. § 496(f) entitled its counsel to be excused from appearing in court, even though no continuance had been granted, because "the case did not present a matter of immediate importance, and the attorney-legislator was compelled to attend to his legislative duties." However, even assuming the constitutionality of 21 V.S.A. § 496(f),[2] that statute neither pronounces a per se rule establishing legislative attendance as more important than all small claims disputes, nor does it purport to grant a party authority to fail to appear, without court permission, based simply upon an attorney-legislator's own subjective conclusion that his legislative duties were more "compelling."

*Affirmed.*

---

[2] But see *Granai* v. *Witters*, 123 Vt. 468, 194 A.2d 391 (1963) (holding predecessor statute, 12 V.S.A. § 1902, unconstitutional).