STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles CHVALA, Defendant-Appellant.

Court of Appeals

*03–0746–CR. Submitted on briefs October 29, 2003.—
Decided November 13, 2003.*

2003 WI App 257

(Also reported in 673 N.W.2d 401.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James A. Olson, John C. Carlson, Jr.* and *Dixon R. Gahnz, Lawton & Cates, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jennifer E. Nashold* and *Barbara L. Oswald*, asst. attorney generals, and *Peggy A. Lautenschlager*, attorney general.

Before Vergeront, Lundsten and Higginbotham, JJ.

¶ 1. VERGERONT, J. The criminal complaint in this action charges Charles Chvala, a senator in the Wisconsin Legislature, with extortion, misconduct in public office, and violations of campaign finance statutes. The issue on appeal is whether, as Chvala contends, WIS. STAT. § 757.13 (2001–02)[1] prohibits the trial court from scheduling the trial in this case before the last general business floor session ends on March 11, 2004. Section 757.13 provides:

> **Continuances; legislative privilege.** When a witness, party or an attorney for any party to any action or proceeding in any court or any commission, is a member of the Wisconsin legislature, in session, that fact is sufficient cause for the adjournment or continuance of the action or proceeding, and the adjournment or continuance shall be granted without the imposition of terms.

¶ 2. We conclude that WIS. STAT. § 757.13 violates the doctrine of separation of powers if it is construed to mandate the court to grant Chvala's request that the trial not be scheduled until after March 11, 2004. We therefore construe the statute to direct courts to consider, in the sound exercise of their discretion, that a witness, party, or party's attorney is a member of the legislature in session when such persons request a continuance or adjournment for that reason. Because the trial court correctly construed § 757.13 in denying Chvala's request that the trial be scheduled after March 11, 2004, we affirm the trial court's order.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

455

## BACKGROUND

¶ 3. The complaint in this action was filed on October 17, 2002. On February 4, 2003, the trial court denied Chvala's motion to dismiss nineteen counts in the complaint and granted his motion to dismiss one.[2]

¶ 4. At the scheduling conference on February 28, 2003, Chvala through counsel advised the court that it was his position that Wis. Stat. § 757.13 controlled the scheduling of the trial. He informed the court that the legislature would not adjourn until March 11, 2004, and requested that the trial be scheduled after that date. The court denied his request. The court ruled that there was a substantial public interest in resolving the charges as soon as could be accomplished consistent with adequate preparation and procedural fairness, that in scheduling the trial it would give reasonable and appropriate consideration to the legislature's schedule as well as other matters of concern to the parties, but that § 757.13 "should not and will not control the trial scheduling." The court stated it did not intend to put the trial off until March 2004 unless "there's a very, very strong reason offered to do that."[3]

---

[2] We granted Chvala's motion for leave to file an interlocutory appeal on four of those counts, and that appeal is pending before this court in case number 03–0442–CR.

[3] The court entered a written order summarizing its ruling as follows:

> The defendant has suggested that Sec. 757.13, Wis. Stats. is controlling with regard to the scheduling of trial of this matter and further requests that, upon this basis, trial should not be set earlier than March, 2004. The defendant has called the court's attention to this opinion at 36 O.A.G. 196 (1947) in which the Attorney General discusses the need to give primary consideration to the public interest of legislative duty as balanced against a legislator's private interest as a party or counsel in litigation. It is

¶ 5. A discussion ensued on possible trial dates, with the prosecutor arguing for an August 2003 date and Chvala's counsel arguing that the complexity of the case and his calendar necessitated a date no sooner than November 2003. The court concluded it was feasible for the case to be ready to be tried by October 6, 2003, and, if jury selection began on that date, the trial would not conflict with a scheduled floor period in the legislature until October 21. Since that floor period was scheduled to last only three days, the court reasoned, if the trial had not concluded by October 20, it could resume after October 23. The court noted the next floor session was not scheduled until November 4 to November 13.

¶ 6. On April 11, 2003, we granted leave to appeal Chvala's challenge to the trial court's ruling on WIS. STAT. § 757.13. Although we initially established an expedited briefing schedule with the intention of resolving this appeal in advance of the October trial date, we granted extensions to both parties at their requests. On July 7, 2003, Chvala moved the trial court to vacate the October 6, 2003 trial date because this appeal was pending, as well as the appeal in case no. 03–0442–CR. *See supra* note 2. In a letter to the parties, the court indicated that it would remove the October 6, 2003 trial date from the calendar because of the pending appellate proceedings.

the determination of this court that there is a substantial public interest to be served by resolution of these charges as soon as can be done consistent with adequate preparation and procedural fairness. This court intends to give reasonable and appropriate consideration to legislative scheduling as well as all other matters of concern of the parties. It is the ruling of this court, however, that Sec. 757.13, Wis. Stats. should not and will not control trial scheduling.

## DISCUSSION

¶ 7. On appeal, Chvala contends the plain language of WIS. STAT. § 757.13 requires the court to continue this trial at Chvala's request as long as the legislature is in "session." The proper construction of "session," according to Chvala, is the entire time period between the first day of the biennial session to the last day of the last general business floor period. For the 2003–04 biennial session, this time period would be from January 6, 2003, through March 11, 2004. 2003 Senate Joint Resolution 1. The State responds that § 757.13 does not eliminate a trial court's discretion whether to grant a continuance, and, if it were construed to do so, it would violate the separation of powers doctrine. Alternatively, the State contends, the term "session" encompasses only the floor periods and special and extraordinary sessions.[4]

¶ 8. The issue of the proper interpretation of WIS. STAT. § 757.13 presents a question of law, which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). The purpose of statutory interpretation is to discern the intent of the legislature. *Id.* at 406. To do so, we first consider the language of the statute, and if that unambiguously sets forth the legislative intent, we apply that language to

---

[4] Although the trial court has taken the October 6, 2003 date off the calendar, the issue of whether WIS. STAT. § 757.13 requires the court to grant a continuance until after March 11, 2004, is not moot, because a resolution will have an effect on the rescheduling of the trial. *See State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶ 3, 233 Wis. 2d 685, 608 N.W.2d 425 (an issue is moot when its resolution will have no practical effect on the underlying controversy).

the case at hand and do not look beyond the statutory language to ascertain its meaning. *Id.* A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons. *Id.* When there are two reasonable constructions of a statute and one would render the statute unconstitutional, we select the construction that results in constitutionality. *American Family Mut. Ins. Co. v. DOR*, 222 Wis. 2d 650, 667, 586 N.W.2d 872 (1998).

¶ 9. Whether a statute violates the doctrine of separation of powers also presents a question of law. *Barland v. Eau Claire County*, 216 Wis. 2d 560, 572, 575 N.W.2d 691 (1998). The doctrine of separation of powers, while not explicitly set forth in the Wisconsin Constitution, is implicit in the division of governmental powers among the judicial, legislative, and executive branches.[5] *State ex rel. Friedrich v. Dane County Cir. Ct.*, 192 Wis. 2d 1, 13, 531 N.W.2d 32 (1995). "The Wisconsin constitution creates three separate coordinate branches of government, no branch subordinate to the other, no branch to arrogate to itself control over the other except as is provided by the constitution, and no branch to exercise the power committed by the constitution to another." *State v. Holmes*, 106 Wis. 2d 31, 42, 315 N.W.2d 703 (1982). Each branch has a core zone of exclusive authority into which the other branches may not intrude. *Friedrich*, 192 Wis. 2d at 13. In these core areas, any exercise of authority by another branch of government is unconstitutional. *Barland*, 216 Wis. 2d at 573.

---

[5] WISCONSIN CONST. art. VII (judicial); art. IV (legislative); and art. V (executive).

¶ 10. However, the majority of governmental powers lie within areas of shared authority, where the powers of the branches overlap. *Id.* In these areas of shared powers, one branch of government may exercise power conferred on another only to the extent that does not unduly burden or substantially interfere with the other branch's exercise of power. *Id.*

¶ 11. Beginning with the language of Wis. Stat. § 757.13, Chvala contends it unambiguously requires that, if a party is "a member of the legislature, in session" the court must grant a continuance or adjournment. He reasons that the common meaning of "sufficient" is "as much as is needed," *see* American Heritage Dictionary of the English Language 1730 (4th ed. 2000), and therefore membership in the legislature in session is all that is necessary for a continuance or adjournment. He also points out that the concluding phrase uses "shall"—"adjournment or continuance shall be granted without the imposition of terms"—and "shall" is most commonly used to require an act.

¶ 12. The State offers alternative constructions for these words and phrases. It points out that Wis. Stat. § 757.13 does not expressly state that a court must grant an adjournment or continuance if a witness, party, or party's attorney is a member of the legislature in session. According to the State, "sufficient cause" simply means that a court in the exercise of its discretion may grant an adjournment or continuance solely for this reason. The State also argues that the concluding phrase does not say that an adjournment or continuance "shall be granted," but that it "shall be granted without the imposition of terms," meaning that if an adjournment or continuance is granted, the court may not impose costs.

460

¶ 13. We conclude the construction Chvala advances is a reasonable one. We put aside for the moment the question whether it is the only reasonable construction, because, according to the State, if the statute is construed as Chvala urges, it violates the separation of powers doctrine. We therefore turn to that issue.

¶ 14. In determining whether a statute unconstitutionally infringes upon judicial power, this court must first consider whether the subject matter of the statute in question falls within the power constitutionally granted to the legislature. *Friedrich*, 192 Wis. 2d at 14. If it does, we must then inquire whether the subject matter of the statute also falls within the judiciary's constitutional grant of power. *Id.* at 14–15.

¶ 15. The State does not address the first step in the analysis—whether the subject matter of the statute falls within the power constitutionally. granted the legislature. Instead, it begins with the contention that the courts have inherent authority to manage and control their dockets and to grant continuances, and then argues that WIS. STAT. § 757.13 interferes with this authority if construed as Chvala urges. Apparently the State's position is that rules regarding continuances are exclusively within the constitutional powers of the judiciary. Chvala's position is that the legislature's authority to exercise its constitutional powers encompasses the authority to establish a privilege for legislators so that their ability to carry out the business of the legislature is not impeded. He views the subject matter of the statute as an area of shared powers, and argues that the statute does not unduly burden or substantially interfere with the judiciary in the exercise of its powers.

461

¶ 16. The parties have not brought to our attention any cases that discuss the constitutional power of the legislature in a context similar to this case, and we have discovered none. However, we are persuaded for two reasons that the subject matter of WIS. STAT. § 757.13 falls within the constitutional powers of the legislature.

¶ 17. First, the constitution vests the legislative power in the senate and assembly, WIS. CONST. art IV, § 1, and further provides:

> **Organization of legislature; quorum; compulsory attendance.** SECTION 7. Each house shall be the judge of the elections, returns and qualifications of its own members; and a majority of each shall constitute a quorum to do business, but a smaller number may adjourn from day to day, and may compel the attendance of absent members in such manner and under such penalties as each house may provide.

WIS. CONST. art. IV, § 7. In our view, it follows from these constitutional provisions that the legislature has the authority to legislate in matters that affect its ability to carry out the business of the legislature. We conclude that continuances and adjournments for witnesses, parties, and parties' attorneys who are members of the legislature in session is a matter that affects the ability of the legislature to carry out its business.

¶ 18. Second, the legislature has the power to enact legislation for the general welfare. *Friedrich*, 192 Wis. 2d at 16. The legislature is therefore acting within its constitutional powers in enacting legislation that effectuates a public policy of maximizing the attendance of the legislature at legislative sessions.

¶ 19. Turning next to the constitutional grant of power to the judiciary, Chvala does not dispute that the matter of continuances and adjournments is within the constitutional authority of the judiciary, and we conclude it is. Courts have the inherent authority to ensure that "the court functions efficiently and effectively to provide the fair administration of justice." *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 749–50, 595 N.W.2d 635 (1999). A court's authority to grant or deny continuances and adjournments is critical to ensuring that it functions efficiently and fairly.

¶ 20. Because the matter of continuances and adjournments for witnesses, parties, and parties' attorneys who are members of the legislature in session is within the constitutional powers of both the legislature and the judiciary, we must next decide whether Wis. Stat. § 757.13, if construed as mandatory, unduly burdens the judiciary or substantially interferes with the constitutional exercise of its authority. We conclude that it does. In *E.B. v. State*, 111 Wis. 2d 175, 186, 330 N.W.2d 584 (1983), the court held that if a statute were construed to mandate a reversal for a court's failure to provide the jury written instructions on the substantive law, the statute would violate the separation of powers doctrine. After noting this was an area of shared powers,[6] the court concluded that a mandatory construction would impermissibly circumscribe judicial

---

[6] The court observed that it had "consistently recognized that the legislature and the judiciary share the power to regulate practice and procedure in the judicial system." *E.B. v. State*, 111 Wis. 2d 175, 181, 330 N.W.2d 584 (1983). The legislature's power to do so, the court explained, flows from its power to promote the public interest, which includes effectuat-

power because it is the judiciary's function to determine on a case-by-case basis whether error is reversible. *Id.* This reasoning applies here.

¶ 21. As early as 1853, our supreme court said: "There is no doubt but motions for continuance . . . are addressed to the sound discretion of the court." *Knox v. Arnold*, 1 Wis. 71, 74 (1853). This principle has not changed. *See Brezinski v. Barkholtz*, 71 Wis. 2d 317, 320, 237 N.W.2d 919 (1976). Under Chvala's construction, a court has no discretion whether to deny a continuance or adjournment no matter how compelling the need for the case to proceed immediately and no matter what means of accommodation are available to minimize or avoid interference with legislative duties. This is a direct and significant interference with the judiciary's ability to exercise its inherent authority to decide, on the specific facts before it, whether the interests of efficiency and fairness will or will not be best served by a continuance or adjournment.

¶ 22. Our conclusion is consistent with the great majority of cases from other states in which courts have held that statutes mandating continuances during legislative sessions violate the separation of powers doctrine by interfering with the judiciary's exercise of its powers: *see McConnell v. State*, 302 S.W.2d 805, 808 (Ark. 1957); *Thurmond v. Superior Court*, 427 P.2d 985, 987–88 (Cal. 1967); *A.B.C. Business Forms, Inc. v. Spaet*, 201 So. 2d 890, 892 (Fla. 1967); *Booze v. District Court*, 365 P.2d 589, 592 (Okla. Crim. App. 1961); *Lemoine v. Martineau*, 342 A.2d 616, 620 (R.I. 1975); *Williams v. Bordon's, Inc.*, 262 S.E.2d 881, 884 (S.C.

ing the public policy of maintaining a fair judicial system. *Id.* at 184–85 (quoting *State v. Holmes*, 106 Wis. 2d 31, 43–44, 46, 315 N.W.2d 703 (1982)).

1980); *Granai v. Witters*, 194 A.2d 391, 393 (Vt. 1963). The only case brought to our attention that has reached a different result is *Government Services Insurance Underwriters v. Jones*, 368 S.W.2d 560, 561 (Tex. 1963), in which the court held that the Texas statute mandating a continuance if a party or party's attorney "will be or is in actual attendance on a Session of the [legislature]" did not violate the separation of powers provision in that state's constitution. However, in a later case the same court held that the statute could not be constitutionally applied where "the party opposing the continuance alleges that a substantial right will be defeated or abridged by delay"; in such cases the trial court had a duty to conduct a hearing on those allegations and to deny a continuance if the allegations were meritorious. *Waites v. Sondock*, 561 S.W.2d 772, 776 (Tex. 1977).

¶ 23. Chvala asserts that Wisconsin courts do not rely on decisions from other states to interpret the Wisconsin Constitution, and he asks that we not consider the above cases in reaching our decision. We recognize that none are binding, but there is no reason we may not consider how courts of other jurisdictions have decided the same or similar issues. We observe that the supreme court did just that in *In re Grady*, 118 Wis. 2d 767, 778–81 (1984).

¶ 24. Because we conclude that WIS. STAT. § 757.13 substantially interferes with the judiciary's exercise of its constitutional powers if it is construed to mandate the grant of a continuance or adjournment, we next consider whether there is a reasonable construction of the statute that would be constitutional. *See American Family Mut. Ins. Co.*, 222 Wis. 2d at 667. We conclude that the statute may be reasonably construed to allow a court to exercise its discretion on whether to grant or deny a continuance or adjournment when a

witness, party, or party's attorney is a member of the legislature in session. As the State has pointed out, the language that such statute is a "sufficient cause" does not expressly mandate that a continuance or adjournment be granted; and the addition of "without the imposition of terms" to the last phrase may be reasonably construed to mean that, if a continuance is granted, it shall be without the imposition of costs.

¶ 25. We therefore construe the statute to direct the courts to consider, in the sound exercise of their discretion, that a witness, party, or party's attorney is a member of the legislature in session when such person seeks a continuance or adjournment for that reason. In keeping with the recognition that the matter of continuances or adjournments for members of the legislature in session is encompassed within the constitutional powers of the legislature, and that legislators' attendance when the legislature is in session is critical to the ability of the legislature to carry out its constitutional powers, courts should carefully consider requests for continuances or adjournments; and courts should accommodate the schedule of the legislature consistent with the demands of fairness and efficiency in the particular case. We are satisfied that this construction of WIS. STAT. § 757.13 avoids substantial interference with the judiciary's authority, while recognizing the significant interests of the legislature that are also at stake in this area of shared powers.[7]

---

[7] Chvala refers us to 36 Op. Att'y Gen. 196 (1947) in which the attorney general opined that WIS. STAT. § 757.13 mandates a continuance regardless of time limits in other statutes. Attorney general opinions, while not binding on a court, may be persuasive authority. *State v. Longcore*, 2001 WI App 15, ¶ 9 n.5, 240 Wis. 2d 429, 623 N.W.2d 201. However, 36 Op. Att'y Gen. 196 does not address the question whether that construc-

¶ 26. Because we have construed WIS. STAT. § 757.13 to allow the court to exercise its discretion, it is unnecessary for us to construe the term "session." The specific nature and extent of the legislature's scheduled activities will be considered by the trial court when a continuance is requested.

¶ 27. In this case, the trial court ruled that WIS. STAT. § 757.13 "should not and will not control trial scheduling." We understand this phrase in the context of the court's oral and written comments to mean that the court concluded it was not mandated by the statute to grant Chvala's request, but, rather, had the authority to exercise its discretion in ruling on that request. This, as we have held, is the correct construction of § 757.13. The trial court's oral and written comments also show that it correctly understood that, in exercising its discretion, it was to carefully consider the legislature's schedule and accommodate it, consistent with the demands of fairness and efficiency in this case. Accordingly, we affirm the trial court's order denying Chvala's request for a continuance until after March 11, 2004.

*By the Court.*—Order affirmed.

tion of the statute violates the doctrine of separation of powers. We therefore do not view it as helpful in resolving the issues presented in this case.