# STATE OF VERMONT

SUPERIOR COURT                                  ENVIRONMENTAL DIVISION
Vermont Unit                                    Docket No. 180-12-13 Vtec

| Savoy Permit Revision to 'As Built' |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Find a Substantial Change (Motion 1)
Filer:          Robert Barton
Attorney:       Robin L. Stern
Filed Date:     June 6, 2014

Response filed on 06/20/2014 by Attorney Lawrence Slason for Interested Person Town of Westminster
Response filed on 07/08/2014 by Attorney Robin L. Stern for Appellant William Lyons
Reply to Town's Resp.to AA's Memo
Response filed on 07/11/2014 by Eric Joseph Savoy, Appellee

**The motion is DENIED.**

Eric Savoy (Applicant) owns the property at issue in this appeal which is located on Quarry Road in the Town of Westminster, Vermont (the Town). In June 2012, the Westminster Development Review Board (DRB) granted Applicant a permit authorizing construction of a single family residence and a detached garage with an apartment, a waiver of the 30-foot side yard setback, and operation of a car repair business as a home occupation (the 2012 permit). Construction of the buildings, however, was not in compliance with this permit. In December 2013, Applicant applied for and received a permit amendment for the "as-built" structures (the 2013 permit). Neighboring property owner William Lyons (Appellant) timely appealed the 2013 permit to this Court.

In the present motion, Appellant requests the Court take one of three actions: remand to the DRB for reconsideration of the project, continue this proceeding until resolution of Applicant's Act 250 permit application, or establish a schedule for this matter proceeding to trial.

### Request for Remand

First, Appellant alleges that Applicant has altered the project since obtaining the 2013 permit. This allegation is based on discrepancies between the site plans as approved by the DRB in the 2013 permit and those in Applicant's submissions to the District Environmental Commission # 2 (District Commission) as part of Applicant's Act 250 permit application filed in

1

February 2014. In light of these alleged alterations, Appellant asks the Court to remand the matter to the DRB to consider the allegedly changed site plan.

While we appreciate the practical concerns regarding the differences between the site plans in the December 2013 permit and the Applicant's Act 250 application, the sole issue currently before the Court is a de novo review of the December 2013 permit amendment application. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) ("A de novo trial is one where the case is heard as though no action whatever had been held prior thereto." (quotation omitted)). Our review is constrained by Appellant's Statement of Questions, and thus, Applicant's Act 250 application is neither before the Court nor relevant to this proceeding. V.R.E.C.P. 5(f).

If, on appeal before this Court, an applicant presents revisions that "materially change the pending application or the type of permit requested," a remand may be required. In re Sisters and Bros. Inv. Grp., 2009 VT 58, ¶ 21, 186 Vt. 103. Here, Appellant has failed to provide the Court with undisputed factual support for the contention that Applicant has made material alternations to the site plan since applying for the 2013 permit. Appellant's request for a remand to the Development Review Board of the Town of Westminster is therefore **DENIED**. We note that Applicant bears the burden of establishing that he is entitled to the municipal permit at issue before this Court and shall be allowed to present his application to the Court in this appeal without remand to the DRB.

## Request for Continuance

Appellant requests that, if not remanded, these proceedings be stayed pending the resolution of Applicant's Act 250 application process. It is within the Courts discretion whether to grant a continuance. See In re R.S., 143 Vt. 565, 570 (1983) (citing Granai v. Witters, 123 Vt. 468, 470 (1963)). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" if there is a possibility that a stay will damage another party. In re Woodstock Cmty. Trust & Hous. Vt PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (quoting Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)). Further, courts will decline to stay proceedings "when a lesser measure is adequate to protect the moving party's interests." Id. (quoting In re Application for Water Rights, 101 P.3d 1072, 1082 (Colo. 2004)).

Applicant has not indicated any desire to continue these proceedings pending resolution of his Act 250 application. We weigh heavily the Applicant's decision to proceed in seeking his permit and will not continue the matter absent his agreement or good cause shown. Further, Appellant has not shown how any interest of his may be harmed by proceeding. Regardless of whether the District Commission approves or denies Applicant's Act 250 permit, Appellant's legal interest in the municipal permit can be determined in this action. If anything, the concern is that Applicant will be in the position of having two contradictory permits, which would affect Applicant's ability to proceed with the project, but we fail to see how it would harm Appellant. Appellant's request for a continuance is, therefore, **DENIED**.

2

**Request for Pretrial Conference and Scheduling Order**

Appellant's final request is that the Court hold a pretrial conference to set a scheduling order in accordance with V.R.E.C.P. 2(d)(1). This request is **GRANTED**, see the attached notice for the pretrial telephone conference.

Electronically signed on October 02, 2014 at 03:55 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Robin L. Stern (ERN 3029), Attorney for Appellant William Lyons
Lawrence Slason (ERN 2443), Attorney for Interested Person Town of Westminster
Interested Person Bryce Hodson
Interested Person Nichols Hodson
Interested Person Michele L. Lingley
Interested Person Patrice Nolan
Interested Person Roger Treat
Interested Person Marianne Tyrrell
Appellee Eric Joseph Savoy