COURT OF APPEALS
DECISION
DATED AND FILED

March 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1707-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF125

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROBERT T. EATON, JR,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Kenosha County: GERAD T. DOUGVILLO, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Robert T. Eaton, Jr., appeals from a circuit court judgment convicting him of false imprisonment, first-degree recklessly endangering safety, strangulation and suffocation, substantial battery with intent to cause bodily harm, aggravated battery with intent to cause great bodily harm, and failure to comply with a police officer, all with use of a dangerous weapon, as well as disorderly conduct.  Eaton argues that the court erroneously exercised its discretion in denying his motion to present evidence of his alleged prior sexual relationship with the victim, April,[1] and in denying his motion for a continuance of the scheduled jury trial.  We conclude that Eaton's arguments lack merit and affirm.

## BACKGROUND

¶2     The parties do not dispute the basic facts relevant to this appeal.  In 2019, the State charged Eaton with several criminal offenses based on April's statement to police detailing her violent beating by Eaton at his home.  According to the criminal complaint, April reported that on the night in question, Eaton asked her to come to his home.  Eaton told April he was suicidal following a breakup with his long-time girlfriend.  Sometime after April's arrival, Eaton, who had been drinking alcohol, reportedly became violent toward April, hitting her with his fists and a fire extinguisher-type tank.  The beating left April with a broken left arm. April further reported that Eaton put a revolver in her mouth and to her temple that night and threatened to kill her.  After April escaped his home, Eaton engaged in a five-hour standoff with police before complying with their commands.

---

[1] April is a pseudonym we use to protect the victim's privacy.

¶3 Prior to the trial, Eaton moved the circuit court to admit evidence of his prior sexual relationship with April. Eaton offered no support for his motion—not even a sworn affidavit detailing the allegations. The court denied the motion, concluding that Eaton did not present sufficient facts to support his claims.[2]

¶4 The week before the jury trial was set to begin, Eaton sought a continuance, primarily to investigate whether April lied to police in an unrelated criminal case. The circuit court denied the motion to adjourn the trial.

¶5 At trial, Eaton presented a defense that April manufactured the claims because of jealousy over Eaton's ex-girlfriend. He also argued that the State failed to meet its burden of proof. After deliberations, the jury convicted Eaton of false imprisonment, first-degree recklessly endangering safety, strangulation and suffocation, substantial battery with intent to cause bodily harm, aggravated battery with intent to cause great bodily harm, and failure to comply with commands of a police officer, and found that Eaton committed all these crimes with use of a dangerous weapon. It also convicted Eaton of disorderly conduct, but acquitted him of attempted first-degree intentional homicide and first-degree sexual assault. Eaton appeals.

¶6 We include additional facts below as necessary to our discussion.

---

[2] The circuit court provided Eaton with an opportunity to supplement his original motion to admit evidence of a prior sexual relationship with April. Eaton revamped his motion and filed a second one, but the court found that there still was insufficient evidence of any such prior relationship.

**DISCUSSION**

*I. Exclusion of Rape Shield Evidence*

¶7 Eaton first argues that the circuit court's limitation of his ability to present evidence of his prior "intimate relationship" with April deprived him of his right to present a complete defense. According to Eaton, the court erroneously exercised its discretion in its denial of his motion to introduce evidence of his alleged past sexual conduct with April and grant of the State's motion in limine to exclude rape shield evidence. As such, he claims he is entitled to a new trial.

¶8 The exclusion of evidence is subject to a circuit court's discretion. *State v. Sarfraz*, 2014 WI 78, ¶35, 356 Wis. 2d 460, 851 N.W.2d 235. We will not reverse a court's exercise of such discretion unless the court applied the wrong legal standard or the facts of record fail to support the court's decision. *Id.* Defendants have the constitutional rights to present a defense and to confront adverse witnesses under the confrontation and compulsory process clauses of article I, section 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution. *Id.*, ¶37. "Even so, these rights are not absolute. 'Confrontation and compulsory process only grant defendants the constitutional right to present relevant evidence that is not substantially outweighed by its prejudicial effects.'" *Id.* (citation omitted).

¶9 The analysis of the circuit court's challenged ruling here involves the application of the rape shield law. "The rape shield law proscribes the admission of evidence of a complainant's prior sexual conduct and permits the circuit court to admit evidence of prior untruthful allegations of sexual assault." *See State v. DeSantis*, 155 Wis. 2d 774, 784-85, 456 N.W.2d 600 (1990). It "expresses the legislature's determination that evidence of a complainant's prior

4

sexual conduct has low probative value and a highly prejudicial effect." ***Id.*** (citations omitted). "[WISCONSIN STAT. §] 972.11(2)(b)3 [(2023-24)[3]] permits evidence of certain conduct of the complainant to be admitted for a permissible purpose only after close judicial scrutiny." ***DeSantis***, 155 Wis. 2d at 785.

¶10 Here, the evidence that Eaton complains the circuit court wrongly excluded related to "the historical background and dynamics of the relationship between Eaton and [April.]" Such evidence, on its face, meets one of the three statutory exceptions to the rape shield law; namely, WIS. STAT. § 972.11(2)(b)1. Section 972.11(2)(b)1. permits a court to allow at trial "[e]vidence of the complaining witness's past conduct with the defendant." Still, "merely offering proof of the general type described in a particular exception is not enough to defeat the rape shield statute." ***Sarfraz***, 356 Wis. 2d 460, ¶39. Instead, a defendant also must make a three-part showing that: (1) the proffered evidence relates to sexual activities between the complainant (here, April) and the defendant; (2) the evidence is material to a fact at issue; and (3) the evidence of sexual contact with the complainant is of sufficient probative value to outweigh its inflammatory and prejudicial nature. *See* ***DeSantis***, 155 Wis. 2d at 784-85.

¶11 Eaton's arguments regarding the circuit court's decision to exclude the rape shield evidence relate to both the second and third ***DeSantis*** factors. Regarding the evidence of sexual activity between April and Eaton, Eaton argues that the "court was wrong to find that this information was not probative to the critical question of whether to doubt [April]'s account of the events of that night." Even assuming, without deciding, that Eaton meets his burden of establishing the

---

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

materiality of such evidence, the court did not erroneously exercise its discretion by excluding the evidence of April and Eaton's past sexual relationship. *See Sarfraz*, 356 Wis. 2d 460, ¶56. We conclude that Eaton failed to overcome the high hurdle of demonstrating that the probative value of the evidence he sought to introduce outweighs its prejudicial effect. *See id.*; *DeSantis*, 155 Wis. 2d at 785.

¶12 We base this conclusion on our review of the Record, which shows that whatever slight probative value there may have been to the evidence of a past sexual relationship between April and Eaton, it was heavily outweighed by the inflammatory and prejudicial nature of any such evidence. First, as the State notes in briefing, Eaton's offers of proof to the circuit court regarding relevant past sexual encounters were speculative at best.

¶13 It is not yet clear, even to this court, precisely what evidence Eaton argues he should have been permitted to introduce. To explain, Eaton alleges that he and April had a sexual relationship before the assault in February 2019, both in high school and in the fall or winter of 2018, but he offered no evidence supporting his claim. Eaton failed to provide critical details that would tend to give his allegations credence, such as dates, times, or potential witnesses. He failed to provide a sworn affidavit setting forth relevant information. Even in his revamped, supplemental motion, Eaton failed to explain how he would present this evidence, whether through April on cross-examination, video or photographic evidence, or Eaton's own testimony. Because Eaton offered no evidence on which the circuit court could conclude that it was "'more likely than not' that the prior sexual conduct occurred," the court clearly did not err in concluding that its probative value was negligible in comparison to its prejudicial nature. *See Sarfraz*, 356 Wis. 2d 460, ¶41 (citation omitted). In fact, we question whether the purported evidence of the prior sexual relationship was probative at all, especially

considering that April and Eaton had been in high school approximately 18 years before the night in question. But that does not in any way affect our conclusion, set forth below, that even if it were probative, any such evidence was too prejudicial on balance to allow at trial.

¶14 There is a "strong presumption" that evidence of a complainant's past sexual history with a defendant is prejudicial. *Id.*, ¶55. Moreover, if the proffered evidence is "remote in time and dissimilar in circumstance" from the criminal charges at issue, it "further diminishes the value of comparing the two incidents and drawing conclusions regarding the complainant's credibility or her consent." *Id.*, ¶53. These considerations compel our conclusion that Eaton fell far short of showing that the evidence he sought to admit satisfied the third *DeSantis* prong. Any testimony regarding a consensual sexual relationship prior to the charged timeframe would have been highly prejudicial to April, particularly in light of its uncorroborated and nonspecific nature. Moreover, it could have confused the jury. Thus, we conclude the court did not erroneously exercise its discretion in refusing to admit Eaton's proffered evidence.

II. *Denial of the Motion for a Continuance*

¶15 Eaton next argues that he is entitled to a new trial because the circuit court's denial of his motion for a continuance of the jury trial to further investigate an alleged recent incident involving April deprived him of his right to present a defense. A trial for a felony shall commence within 90 days from the date trial is demanded by any party on the record. WIS. STAT. § 971.10(2)(a). The court may grant a continuance only "if the ends of justice served by taking action outweigh the best interest to the public and the defendant in a speedy trial." Sec. § 971.10(3)(a).

7

¶16    The decision whether to grant or deny a motion to continue a trial is committed to the court's discretion. *State v. Leighton*, 2000 WI App 156, ¶27, 237 Wis. 2d 709, 616 N.W.2d 126. We affirm a court's exercise of discretion "if the circuit court applie[d] the proper standard of law and, using a demonstrated rational process, reach[ed] a conclusion that a reasonable court could reach." *Estate of Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶39, 300 Wis. 2d 1, 728 N.W.2d 693.

¶17    Eaton maintains that his right to a fair trial was violated by the circuit court's denial of a continuance, entitling him to a new trial. Explaining further, before the scheduled trial, Eaton argued to the court that the State had recently turned over evidence that was essential to bolstering the defense theory of the case because: "[April's] credibility is the most principal part of this case." If she indeed fabricated allegations of abuse by another man, Eaton argued, this evidence would be essential to undermining her credibility. The trial court denied the motion to adjourn. It reasoned that the evidence was not relevant and therefore would not be admissible at trial in any event.

¶18    The circuit court was entitled to deny Eaton's request when such a delay would cause inconvenience to the court and would infringe on April's right, as a victim, to a speedy trial. When Eaton moved for the continuance at issue on appeal, the trial had already been adjourned multiple times, with the next scheduled date being the fifth one set for this jury trial. A court has "inherent authority to decide, on the specific facts before it, whether the interests of efficiency and fairness will or will not be best served by a continuance or adjournment." *State v. Chvala*, 2003 WI App 257, ¶21, 268 Wis. 2d 451, 673 N.W.2d 401. The court here found that continuing the trial would result in substantial delay and inconvenience, both of which are appropriate and reasonable

factors for the court to consider. Accordingly, the court reasonably exercised its discretion in denying Eaton's motion for a continuance.

## CONCLUSION

¶19 For all these reasons, we conclude that the circuit court did not erroneously exercise its discretion as Eaton alleges. Accordingly, we will not disturb the jury's verdict or order a new trial.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.