STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

John DeSANTIS, Defendant-Appellant.

Supreme Court

*No. 88–1744–CR. Argued March 7, 1990.—Decided June 25, 1990.*

(Also reported in 456 N.W.2d 600.)

For the plaintiff-respondent-petitioner the cause was argued by *Marguerite M. Moeller,* assistant attorney general with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant-respondent there was a brief by *Michael J. Devanie.* and *Phelps, Thompson & Koby, Ltd.,* LaCrosse and oral argument by *Michael J. Devanie.*

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *State v. DeSantis,* 151 Wis. 2d 504, 445 N.W.2d 331 (1989), reversing a judgment of conviction of second-degree sexual assault entered by the LaCrosse County Circuit Court, Michael J. Mulroy, Circuit Judge. The court of appeals reversed the conviction on the ground that the circuit court abused its discretion by precluding evidence the defense proffered of the complainant's prior untruthful allegations of sexual assault. We reverse the decision of the court of appeals.

Two issues are presented on appeal from the conviction: (1) whether the circuit court abused its discretion and violated the defendant's constitutional rights to confront witnesses and to present a defense when it precluded testimony the defendant proffered concerning the complainant's prior untruthful allegations; and (2) whether the circuit court abused its discretion when it permitted the state to present expert testimony regarding characteristic behavior of sexual assault victims after assault.[1]

We hold that the circuit court did not abuse its discretion and that the exclusion of the proffered evidence did not violate the defendant's constitutional rights. We therefore reverse the decision of the court of appeals.

## I.

John DeSantis, the defendant, was found guilty of one count of second-degree sexual assault under sec.

---

[1] A circuit court's decision in the exercise of discretion will not be disturbed by an appellate court unless an abuse of discretion is shown. If the record indicates that the circuit court failed to exercise its discretion, the circuit court has abused its discretion. When a circuit court exercises discretion, the record on appeal must reflect the circuit court's reasoned application of the appropriate legal standard to the relevant facts in the case. If this court's review of the record indicates that the circuit court applied the wrong legal standard in the exercise of its discretion or that the facts of record fail to support the circuit court's decision, the circuit court has abused its discretion. An appellate court may engage in its own examination of the record to determine whether the facts provide support for the circuit court's decision. *Hedtcke v. Sentry Insurance Co.,* 109 Wis. 2d 461, 326 N.W.2d 727 (1982); *State v. Alsteen,* 108 Wis. 2d 723, 728, 324 N.W.2d 426 (1982).

940.225, Stats. 1987–88,[2] and not guilty of burglary on charges stemming from events on the night of September 17, 1987.

The defendant had filed a pretrial motion, sec. 971.31 (11), Stats. 1987–88, seeking to introduce evidence at trial that the complainant had made prior untruthful allegations of sexual assault. Section 972.11(2)(b)3 allows the introduction of such evidence, providing in part as follows:

> (b) If the defendant is accused of a crime under s. 940.225 . . . any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31(11):
>
> 1. Evidence of the complaining witness's past conduct with the defendant.
>
> 2. Evidence of specific instances of sexual conduct showing the source or origin of semen, preg-

---

[2]Section 940.225, Stats. 1987–88, provides as follows:

(2) Second Degree Sexual Assault. Whoever does any of the following is guilty of a Class C felony:

(a) Has sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence.

. . .

(5) Definitions. In this section:

. . .

'Sexual intercourse' includes the meaning assigned under s. 939.22 (36) as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.

nancy or disease, for use in determining the degree of sexual assault or the extent of injury suffered.

 3. Evidence of prior untruthful allegations of sexual assault made by the complaining witness.[3]

At the hearing to determine whether the circuit court would allow the defense to introduce the evidence, the defendant produced a witness who had been a neighbor of the complainant at a University dormitory during the 1985–86 school year. The neighbor, Ms. N.G., testified that late one night during autumn 1985, the complainant came to N.G.'s room, crying and very upset, and stated that she, the complainant, had been raped outside the dormitory. The complainant did not provide any details or describe or identify her assailant. Neither the complainant, N.G., nor N.G.'s roommate (who was present in N.G.'s room when the complainant made the allegations but who never testified at the pre-trial hearing or at trial) reported the occurrence to campus authorities or the police.

N.G. further testified that in the spring of 1986, the complainant said that "it didn't happen exactly the way she [the complainant] had said that it did." N.G. interpreted the complainant's statements as a denial of being raped in the autumn of 1985. N.G. testified that she later heard that the complainant told a mutual friend that the 1985 incident involved "some guy walk[ing] up to her and put[ting] his arm around her and sa[ying] hey, where's the party."

---

[3]Section 972.11(2)(a) defines sexual conduct for purposes of sec. 972.11(2)(b) as follows:

 'sexual conduct' means any conduct or behavior relating to sexual activities of the complaining witness, including but not limited to prior experience of sexual intercourse or sexual contact, use of contraceptives, living arrangement and life-style.

A question about N.G.'s possible partiality and bias was raised by N.G.'s concession on cross-examination that the defendant was a friend of one of N.G.'s friends.

After hearing N.G.'s testimony, the circuit court ruled that her testimony would not be admissible under sec. 972.11(2)(b)3, which permits evidence of prior untruthful allegations of sexual assault. The circuit court characterized the testimony as "a lot of nebulousness" that would "lead to jury confusion," stating:

> What we have basically is a lot of nebulousness . . . and that basically was that in the fall of 1985 [the complainant] reported being raped and that—on two occasions in my notes—when asked about what the statements were in spring of 1986 indicated it didn't happen the way she said it did. I don't know how more nebulous you could get. There could be a great many variances from the time that it happened to the description of the individual . . . to all the circumstances of the sexual assault. I—To say that it didn't happen the way that she said it did does not, from my perspective, fall necessarily within the prior untruthful allegation of sexual assault contest of the state. I think it would, if it were admitted, lead to jury confusion, and from the perspective at least from what I've heard today, there was very little probative value in the evidence . . . I think to a great extent that the [rape shield] statute is designed to bring in those areas that I think were alluded to a certain extent where individuals make false accusations against other individuals that they later recant their testimony on or prove to be false. And here was a very general statement without identification of anybody involved that a sexual assault in some form had taken place.

At the trial, defense counsel examined the complainant about the 1985–86 incidents outside of the pres-

ence of the jury. The complainant denied ever telling N.G. that she had been raped and described the 1985 occurrence as follows:

> There was a man there, approached me in front of the dormitory one night on my way home. He—I—He was walking over by Whitney Food Center. I thought it was someone I knew. As he got closer to me it was—I had kind of yelled his name across the street to him because at the time my roommate and I were looking to buy a carpet from somebody, and I thought it was Steve, and I was, you know, I was hey, Steve, you know, have any carpet? And as he got closer to me it was just wait a second, you're not Steve. And he was just like putting his arm around me. And I ran to the dorm. The man never pinned me down on the ground.

After hearing the complainant's testimony, the circuit court ruled that the defendant could not cross-examine the complainant about her prior allegations of sexual assault on grounds of "relevancy as well as remoteness."

During the trial, the complainant and the defendant presented different versions of what happened on the evening of September 17, 1987.

The complainant testified that she and several friends had gone to two taverns in downtown LaCrosse. At closing time the complainant abandoned plans to leave the tavern with a friend and walked alone to her apartment. According to her testimony, the complainant felt someone come behind her as she opened the door. The person stated, "My name is John. I know you want me. I've been watching you all night . . .." The defendant pushed the complainant into her apartment, forcibly disrobed her and sexually assaulted her. During the assault, the defendant allegedly inserted his fingers and

then his penis into her vagina. After the assault, according to the complainant, the defendant stated, "It's getting late. I got to get going home. I'm way over there off Division Street . . .." The complainant then wrapped a comforter around herself, ran to the bathroom and locked herself in. When she emerged, the defendant was gone and money was missing from a table in her apartment. After getting dressed, she attempted to call several friends by telephone. She went to a local emergency room with an acquaintance and reported the assault to the police.

The defense called two witnesses who testified that the complainant had a reputation for being untruthful. One witness was N.G.; the other was L.S., the woman whom the complainant summoned after the defendant's attack. L.S. testified that the complainant's reputation for untruthfulness related particularly to the complainant's dating situations. A third witness, who was present at the tavern that night, contradicted the complainant's testimony that she had not seen the defendant in the hours before the attack. This witness also testified that the complainant was "very definitely" drunk that night.

The defendant testified that during the evening of September 17, he drank very heavily and smoked marijuana throughout the evening. Later that night, between 11:30 P.M. and 2:00 A.M., the defendant and the complainant and several other people went out drinking together at two taverns. At closing time, both he and the complainant were at the same tavern. The defendant testified that he had only "split-second" recollections of the events that followed his departure from the tavern and that he did not remember how he got to the complainant's apartment. The defendant remembers having his finger outside of the complainant's vagina, attempting to have intercourse, and finding that his penis was

limp. The defendant realized that he was not at his own home and a woman was against the wall of the apartment with a strange look on her face. He got dressed, took some money from the table, and walked home. He said nothing to the complainant because he was embarrassed.

Despite his inability to recall how he got to the complainant's apartment or much of what happened that night, the defendant denied raping the complainant. He testified that whatever sexual contact there was must have been consensual.

After nine hours of deliberation the jury found the defendant guilty of sexual assault but not guilty of burglary.

The court of appeals reversed the conviction, holding that the circuit court abused its discretion by excluding defendant's evidence of prior untruthful allegations of sexual assault. The court of appeals concluded that the complainant's statement in the autumn of 1985 constituted prior untruthful allegations of sexual assault that came within the exception to the rape shield law, sec. 972.11, Stats. 1987–88. *DeSantis, supra* 151 Wis. 2d at 510. The court of appeals further concluded that because the circuit court failed to discuss the criteria it applied under sec. 971.31(11) in excluding the evidence, the court of appeals would review the evidence *de novo.* The court of appeals concluded that the evidence was relevant to the issue of the complainant's credibility, and the probative value of the proffered evidence outweighed any prejudice. One judge dissented on the ground that the proffered evidence did not constitute prior untruthful allegations of sexual assault under sec. 972.11(2)(b)3.

## II.

The defendant contends that the circuit court abused its discretion by excluding the evidence of complainant's prior untruthful allegations of sexual assault and that the exclusion of the evidence violated his constitutional rights to confront witnesses and to present a defense.

██ The rape shield law proscribes the admission of evidence of a complainant's prior sexual conduct and permits the circuit court to admit evidence of prior untruthful allegations of sexual assault.[4] The rape shield law expresses the legislature's determination that evidence of

[4]Some states, like Wisconsin, have a statute expressly allowing prior untruthful complaints of sexual assault. In several jurisdictions, the courts have held that prior untruthful allegations are not barred by the rape shield act in the particular jurisdiction. See *Cox v. State*, 51 Md. App. 271, 443 A.2d 607, 613–614 (1982); *Commonwealth v. Bohannon*, 376 Mass 90, 378 N.E.2d 987, 991 (1978); *People v. Mandel*, 61 A.D.2d 563, 403 N.Y.S.2d 63, 66 (1978), *rev'd on other grounds*, 48 N.Y.2d 952, 401 N.E.2d 185, 425 N.Y.S.2d 63 (1979), *appeal dismissed*, 446 U.S. 949 (1980), *State v. Baron*, 58 N.C. App. 150, 292 S.E.2d 741, 743–44 (1982). Some courts reason that evidence of prior false allegations does not constitute sexual conduct evidence because the defense usually attempts to demonstrate the falsity of the prior allegation.

For discussions of the rape shield law and this exception, see Letwin, *"Unchaste Character," Ideology, and the California Rape Evidence Laws*, 54 S. Cal. L. Rev. 35 (1980); Galvin, *Rape Shield Victims in the State and Federal Courts: A Proposal for the Second Decade*, 70 Minn. L. Rev. 763 (1986). See also Annot., *Impeachment or Cross-Examination of Prosecuting Witness in Sexual Offense Trial by Showing That Similar Charges Were Made Against Other Persons*, 71 A.L.R. 4th 469 (1989); Annotation, *Impeachment or Cross-Examination of Prosecuting Witness in Sexual Offense Trial by Showing That Prosecuting Witness*

a complainant's prior sexual conduct has low probative value and a highly prejudicial effect. *State v. Gavigan,* 111 Wis. 2d 150, 156, 330 N.W.2d 571 (1983); *State v. Penigar,* 139 Wis. 2d 569, 585, 408 N.W.2d 28 (1987). Section 972.11(2)(b)3 permits evidence of certain conduct of the complainant to be admitted for a permissible purpose only after close judicial scrutiny.

Before it admits evidence of prior untruthful allegations the circuit court must make three determinations under secs. 972.11(2)(b)3 and 971.31(11): (1) whether the proffered evidence fits within sec. 972.11(2)(b)3; (2) whether the evidence is material to a fact at issue in the case; and (3) whether the evidence is of sufficient probative value to outweigh its inflammatory and prejudicial nature. Section 971.31(11) provides as follows:

> (11) In actions under s. 940.225 or 948.02, evidence which is admissible under s. 972.11(2) must be determined by the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial.

*Threatened to Make Similar Charges Against Other Persons,* 71 ALR 4th 448 (1989).

Neither party raises or discusses sec. 906.08(2), which provides:

(2) SPECIFIC INSTANCES OF CONDUCT. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

The first determination the circuit court must make under sec. 971.31(11) is whether the evidence falls within the exception set forth in sec. 972.11(2)(b)3, that is whether the defendant has established a sufficient factual basis for allowing the jury to hear the evidence that the complainant has made prior allegations of sexual assault that are untruthful.[5]

---

[5]Section 971.31(11) should be read with sec. 901.04, Stats. 1987–88, which governs questions of admissibility generally, and provides as follows:

(1) *Questions of Admissibility Generally.* Preliminary questions concerning the . . . admissibility of evidence shall be determined by the judge subject to sub. (2) and ss. 971.31(11) . . ..

(2) *Relevancy conditioned on Fact.* When the relevancy of evidence depends upon the fulfillment of a condition of the fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

For a discussion of the federal analogue of sec. 904.01, see Weinstein and Berger, 1 *Weinstein's Evidence* Rule 104 (1989); Cleary, *McCormick's Handbook of the Law of Evidence* sec. 53 (3d ed. 1984); Maguire and Epstein, *Preliminary Questions of Fact in Determining the Admissibility of Evidence,* 40 Harv. L. Rev. 392 (1926); Morgan, *Functions of the Judge and Jury in the Determination of Preliminary Questions of Fact,* 43 Harv. L. Rev. 165 (1929); Laughlin, *Preliminary Questions of Fact: A New Theory,* 31 Wash and Lee L. Rev. 285 (1974); Ball, *The Myth of Conditional Relevancy,* 14 Ga. L. Rev. 435 (1980); Saltzburg, *Standards of Proof and Preliminary Questions of Fact,* 27 Stan. L. Rev. 271 (1975).

See Federal Rules of Evidence, Rule 412(c)(2), relating to admission of victim's past behavior in sex offense cases provides inter alia: "Notwithstanding subdivision (b) of rule 104, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall deter-

The rape shield statute provides little guidance regarding the sufficiency of the evidence for admissibility. Neither sec. 972.11(2)(b)3 nor sec. 971.31(11) sets forth the defendant's burden of proving prior untruthful allegations or the standard the circuit court applies before admitting the evidence. These questions implicate the proper role of the judge and jury.

The state asserts that the circuit court should admit proffered evidence of prior untruthful allegations only if the offering party "can show convincingly that the charge was made and that it was demonstrably false." State's Brief, pp. 22–23. We interpret the state's brief as urging us to require the defendant to prove at the pretrial hearing the existence of untruthful allegations by a preponderance of evidence and to require the circuit court before admitting the evidence to make a preliminary finding based on the offer of proof that it is more likely than not that the complainant made prior untruthful allegations.

The defendant contends that the jury, not the circuit court, must resolve any disputed evidence and determine the credibility of the witnesses and the weight to be accorded to the evidence. The defendant appears to assert that he need not establish any factual basis at the pre-trial hearing to allow the evidence to go to the jury. He cites no authority.

All courts that have considered the issue, according to one commentator, have concluded that the defendant must establish some factual basis before the trial court admits the evidence of untruthful allegations.[6] We conclude that the defendant should produce evidence at the

mine such issue." Weinstein and Berger, 1 *Weinstein's Evidence* 412-2 (1989) .

[6]Galvin, *Rape Shield Victims in the State and Federal*

pre-trial hearing sufficient to support a reasonable person's finding that the complainant made prior untruthful allegations. Before the circuit court admits the evidence the circuit court must make a preliminary finding based on the offer of proof that the jury could reasonably find that the complainant made prior untruthful allegations.[7] In other words, in order to admit evidence of untruthful prior allegations of sexual assault, a circuit court must be able to conclude from the proffered evidence that a reasonable person could reasonably infer that the complainant made prior untruthful allegations of sexual assault. If the evidence does not meet this basic threshold, the circuit court must conclude that the evidence does not come within the exception provided by sec. 972.11(2)(b)3.

---

*Courts: A Proposal for the Second Decade,* 70 Minn. L. Rev. 763, 861 (1986).

[7]Courts have divided regarding the appropriate standard of proof for determining the admissibility of evidence of prior untruthful allegations of sexual assault. A number of courts have determined that the offering party must show that a prior allegation of sexual assault is demonstrably false. See *State v. Schwartzmiller,* 107 Idaho 89, 685 P.2d 830, 833 (1984); *Little v. State,* 413 N.E.2d 639, 643 (Ind. Ct. App. 1980); *State v. Johnson,* 102 N.M. 110, 692 P.2d 35, 43 (Ct. App. 1984); *State v. Sieler,* 397 N.W.2d 89, 92 (S.D. 1986).

Still other courts hold that the trial court must, before admitting the evidence, determine that a reasonable probability of falsity exists. *Clinebell v. Commonwealth,* 235 Va. 319, 368 S.E. 263, 266 (1988); *Smith v. State,* 259 Ga. 135, 377 S.E.2d 158, 160 (1989).

See also *People v. Alexander,* 116 Ill. App. 3d 855, 452 N.E.2d 591, 594-95 (1983) (evidence of prior false accusation inconclusive and not admissible); *State v. Hutchinson,* 141 Ariz. 583, 688 P.2d 209 (Ariz. App. 1984) (sufficient facts to show prior charge was unsubstantiated).

We believe that this reasonableness standard balances the public policies underlying secs. 972.11(2)(b)3 and 971.31(11). The legislature sought to respond to claims that rules of evidence served to humiliate and degrade complainants by allowing the defendant to put the complainant on trial and served to deter complainants from pressing charges. The legislature also sought to protect a defendant's constitutional rights to a fair opportunity to defend and to a jury trial, as well as the defendant's interest in avoiding erroneous preliminary fact-finding by the circuit court. We conclude that the reasonableness standard strikes the appropriate balance between these competing policies and interests and is consistent with legislative intent.

We turn to the record to determine whether the circuit court applied this legal standard. The circuit court never expressly ruled in the pre-trial hearing whether the evidence fits within the exception provided by sec. 972.11(2)(b)3. We agree with the court of appeals' analysis of the word *allegations* in sec. 972.11(2)(b)3 as including assertions of sexual assault whether reported to the police or not. *DeSantis, supra,* 151 Wis. 2d at 510, n.4.

The circuit court stated that the allegation did not necessarily fall within the prior allegation of sexual assault because of its nebulousness. At trial the circuit court declared the evidence inadmissible on grounds of relevancy and remoteness. It is unclear whether the circuit court concluded that the evidence came within sec. 972.11(2)(b)3. The circuit court apparently declined to admit the evidence under either the second or third determinations required by sec. 971.31(11).

The second determination the circuit court must make under sec. 971.31(11) before admitting untruthful allegations is that the evidence is material to a fact in

issue. The defendant argues that the evidence of the complainant's prior untruthful allegation is "crucial" and "vital" because it goes to the complainant's credibility, a fact in issue in this case. The state acknowledges that the evidence has some relevance to the issue of the complainant's credibility, but argues that the relevance is extremely limited. The circuit court's decision is not clear.

At trial, the defendant attempted to develop two grounds of defense: that the sexual contact between himself and the complainant was consensual and that he was physically unable to consummate the act of sexual intercourse because of intoxication. Through attacks on her credibility, the defendant sought to discredit the complainant and to afford the jury a basis to infer that the complainant was an untrustworthy witness. Evidence of prior untruthful allegations of sexual assault was a more particular attack on the complainant's credibility.

Beyond an attack on the complainant's general credibility, however, we fail to understand how the evidence is "vital" or "crucial" to the defense. The defendant argues that N.G.'s testimony demonstrates that the complainant misstated the nature of her sexual relationships with men and therefore is relevant to the issue of complainant's consent. Even if N.G.'s testimony is accepted as true, we conclude that the circuit court was correct in concluding that it is of limited value in discrediting the complainant or her version of the events of September 17, 1987, or in proving consent.

Both N.G. and the complainant testified that the occurrence in autumn 1985 involved a nonconsensual touching. The complainant asserted she was forcibly assaulted by a stranger against her will. She never recanted this assertion. N.G.'s testimony does not

impeach the complainant's credibility about charging a nonconsensual touching. No matter who is believed, the complainant's 1985–86 statements can be interpreted as truthful allegations of a nonconsensual assault. We do not understand how N.G.'s testimony describing complainant's truthful allegations of a nonconsensual assault in 1985 impeaches the complainant's testimony at trial that she was the victim of a nonconsensual sexual assault in 1987. Evidence of a possible exaggerated allegation in the 1985 assaultive situation has little bearing on whether the complainant consented, as the defendant alleges, in another assaultive situation arising in 1987.

Moreover, the circumstances of the 1985 and 1987 occurrences are significantly different, making the probative value of evidence of the 1985 occurrence on the issue of consent minimal. The 1985 incident occurred nearly two years before the complainant accused the defendant of rape. The fact that the prior incident was remote in time and dissimilar in circumstances further diminishes the value of comparing the two incidents and drawing conclusions regarding the complainant's credibility or her consent. *State v. Fish,* 101 N.M. 329, 681 P.2d 1106 (1984); *State v. Johnson,* 102 N.M. 110, 692 P.2d 35 (1984).

While the circuit court did not rule on materiality, it did characterize the evidence as having "very little probative value."

The third determination the circuit court must make under sec. 971.31(11) before admitting untruthful allegations is that the evidence of an untruthful allegation is of "sufficient probative value to outweigh its inflammatory and prejudicial nature."[8] Evidence is

---

[8]See also sec. 904.03, which provides as follows:

unduly prejudicial when it threatens the fundamental goals of accuracy and fairness of the trial by misleading the jury or by influencing the jury to decide the case upon an improper basis. *Lease America Corp. v. Ins. Co. of N. America,* 88 Wis. 2d 395, 401, 276 N.W.2d 767, 770 (1979).

■ Exercising its discretion under sec. 971.31(11) the circuit court concluded that the evidence was not admissible and characterized the evidence as nebulous, remote, "of very little probative value" and as "lead[ing] to jury confusion." Although the circuit court did not discuss these factors at length, the record supports the circuit court's conclusion that the evidence was not of sufficient probative value to outweigh its prejudicial nature.

The evidence of prior untruthful allegations was in this case sketchy, vague, remote, disputed, and cumulative. N.G. and the complainant agreed that no rape had taken place. N.G. and the complainant disagreed over whether the complainant used the word *rape.* N.G. and the complainant also disagreed over whether the complainant recanted the rape allegation in the spring of 1986. As previously discussed, the complainant's original statement can be accepted as a truthful assertion of a nonconsensual touching, and its probative value to challenge complainant's credibility or to prove the complain-

---

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

For discussions of this rule, see Dolan, *Rule 403: The Prejudice Rule in Evidence,* 49 S. Calif. L. Rev. 220 (1976); Gold, *Federal Rule of Evidence 403: Observations on the Nature of Unfairly Prejudicial Evidence,* 58 Wash. L. Rev. 497 (1983).

ant's consent to the defendant's touching is therefore minimal.

The evidence of untruthful allegations was also cumulative of other evidence attacking the complainant's credibility, further diminishing its probative value. The defense had already introduced evidence to discredit the complainant's reputation for truthfulness, her reputation for truthfulness about her relations with men, and her veracity regarding the events of September 17, 1987.

The record further supports the circuit court's conclusion in this case that the prejudicial nature of the evidence outweighed its limited probative value. The legislature sought to protect complainants from the humiliation and degradation associated with unfounded allegations regarding sexual history. Introduction of the defendant's evidence would have embroiled the trial in a dispute over what the complainant had said and what she had meant in autumn 1985 and whether that original statement was a prior untruthful allegation. The evidence might mislead the jury or overemphasize the complainant's behavior in a previous assault situation that had minimal relevance to the facts and defenses asserted at trial, potentially influencing the jury to decide the case on an improper basis.

We recognize that the circuit court may not deny the defendant a fair trial or the right to present a defense by a mechanistic application of rules of evidence. *Davis v. Alaska,* 415 U.S. 308 (1973). The rights to confront witnesses and to defend are, however, not absolute and may bow to accommodate other legitimate interests in the criminal trial process. *Chambers v. Mississippi,* 410 U.S. 284, 295 (1973). The evidence declared inadmissible was of a prejudicial and inflammatory nature and of minimal, if any, probative value. The exclusion of evidence of minimal, if any, probative effect in view of its

highly inflammatory nature does not depart from general principles of the law of evidence or of constitutional law. We conclude that the circuit court did not abuse its discretion when it excluded the evidence and did not violate the defendant's constitutional rights.

## III.

The second issue is whether the circuit court abused its discretion by admitting expert testimony regarding the behavior of sexual assault victims. The court of appeals concluded that the circuit court did not abuse its discretion. We agree.

Without laying a foundation for the evidence, the state called a counselor from a local rape shelter to testify, over the defendant's objection, about the general behavior of sexual assault victims. The witness was never asked, nor did she testify, about the specific behavior exhibited by the complainant or about comparing the complainant's behavior to the behavior of other victims. The witness also never testified regarding the complainant's credibility. The witness described the series of emotional phases sexual assault victims generally go through that may bear on a victim's willingness to press charges. The evidence was introduced before defense counsel asked the jury to infer that the complainant was reluctant to press charges.

The defendant contends that the circuit court erred by not limiting evidence to those instances where the expert has made a diagnosis of the complainant. The defendant argues that the testimony served no purpose but to vouch for complainant's credibility. The defendant contends that admission of the testimony amounts to a denial of the defendant's due process rights under the Fifth and Fourteenth Amendments of the United

States Constitution and art. I, sec. 7 of the Wisconsin Constitution.

We are not persuaded by the defendant's arguments. In previous cases, we have upheld the introduction of expert testimony on the behavior of sexual assault victims to educate the jury when the complainant's conduct is cast as inconsistent with the claim of sexual assault. Expert testimony will be permitted if it serves the "particularly useful role [of] disabusing the jury about widely held misconceptions about sexual assault victims." *State v. Robinson,* 146 Wis. 2d 315, 431 N.W.2d 165 (1988). See also *State v. Jensen,* 147 Wis. 2d 240, 432 N.W.2d 913 (1988). We conclude that the circuit court did not abuse its discretion by admitting the evidence in this case.

For the reasons set forth, we reverse the decision of the court of appeals and remand the case to the circuit court for proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed.