ANNETTE KINGSLAND ZIEGLER, J.
¶ 59. (concurring). I concur with the majority opinion that the court of appeals should be reversed. I do not agree, however, with the majority's conclusions regarding the materiality of the evidence in the case at issue. I write separately primarily because I conclude that the evidence at issue was not material, but also because I agree with the well-stated reasoning of the dissent in the court of appeals. See State v. Sarfraz, 2013 WI App 57, ¶¶ 32-40, 348 Wis. 2d 57, 832 N.W.2d 346 (Brennan, J., dissenting). Sarfraz's materiality argument turns the rape shield law inside out. Sarfraz basically argues that because the victim had previously engaged in consensual masturbation with Sarfraz, she therefore must have consented to the violent, vaginal intercourse at knifepoint with Sarfaz on May 15.[1] Sarfraz further asserts that this evidence is relevant to the victim's truthfulness.
¶ 60. Sarfraz's argument undermines the fundamental purpose behind the rape shield law: protection of a victim who is improperly attacked regarding prior sexual activity. The rape shield law is intended to exclude evidence of prior consensual, nonviolent sexual activity especially when, as is the case at issue, such evidence is dissimilar from the violent rape charged. Sarfraz's argument goes too far and could be viewed as unraveling the protections that the rape shield law affords a victim of sexual assault. In a sexual assault *487 trial it is not the victim's past that is on trial. Surely the majority cannot be concluding that a defendant need only allege that a previous consensual sexual encounter occurred with the victim in order to render admissible such otherwise prohibited evidence. I write to confirm that the rape shield law remains intact even after the majority's fact-specific determinations in the case at issue.
¶ 61. In my view, Sarfraz's argument and hence, the majority opinion, is flawed in three fundamental respects: (1) the trial court made a discretionary evidentiary determination that is owed deference; (2) the subject evidence is not material; and (3) the probative value of the evidence does not outweigh its prejudicial effect.
¶ 62. First, we review the circuit court's discretionary decision regarding the admission of evidence. " 'This court will not disturb a circuit court's decision to admit or exclude evidence unless the circuit court erroneously exercised its discretion.'" State v. Jackson, 2014 WI 4, ¶ 43, 352 Wis. 2d 249, 841 N.W.2d 791 (quoting Weborg v. Jenny, 2012 WI 67, ¶ 41, 341 Wis. 2d 668, 816 N.W.2d 191). A circuit court erroneously exercises its discretion only " 'if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record.'" Id. I conclude that the trial court did not err in either its factual determinations or the legal standard applied. I agree with Judge Brennan's dissent in the court of appeals that "the trial court applied facts from the record to the correct legal standard from DeSantis." Sarfraz, 348 Wis. 2d 57, ¶ 33 (Brennan, J, dissenting) (citing State v. DeSantis, 155 Wis. 2d 774, 456 N.W.2d 600 (1990)).
¶ 63. Second, the evidence that Sarfraz sought to admit was not material. See id., ¶ 34. While the trial *488 court excluded Sarfraz's request to introduce testimony that he and the victim previously engaged in consensual masturbation, the jury nonetheless heard testimony that he and the victim had a prior romantic relationship. Whether acts of mutual masturbation occurred or not is of little consequence to the crime charged. If the issue is whether the consensual masturbation evidence was material, Sarfraz's argument that the evidence is material because it goes to truthfulness, misses the mark. Sarfraz's argument that the sexual contact was consensual before, therefore it must be consensual in the case at issue, likewise fails to explain why the complainant would now fabricate a story about an armed and masked entry and forceful vaginal intercourse. I agree with Judge Brennan's dissent that Sarfraz's arguments are " 'vague arguments and bald assertions' without any link to the complainant's motive for lying about sexual assault on trial." Id., ¶ 36 (quoting State v. Jackson, 216 Wis. 2d 646, 662, 575 N.W.2d 475 (1998)).
¶ 64. To the extent that Sarfraz did offer a theory as to the complainant's motive for lying about the forceful rape at trial, that theory was not supported by the evidence that he sought to admit. As Judge Brennan's dissent aptly notes, however, "that defense theory did not require proof that they engaged in consensual masturbation previously." Sarfraz, 348 Wis. 2d 57, ¶ 37 (Brennan, J., dissenting). If the existence of a romantic relationship was what Sarfraz thought to be so significant to his defense, that evidence was already before the jury. As Judge Brennan's dissent pointed out, the trial court did admit other evidence of Sarfraz's prior romantic relationship with the victim through the testimony of Sarfraz, his wife, and a friend. Id. In addition, Sarfraz testified that the complainant *489 wanted him to marry her, but that he did not want to marry her. Id. It is less than clear why evidence of consensual masturbation would explain why she was angry that he would not marry her. If evidence of a relationship was somehow relevant to his defense, the masturbation evidence was not required to so establish the fact that they had such a relationship. Moreover, evidence of a romantic relationship was already before the jury. At most, the excluded evidence was cumulative to the evidence already before the jury.
¶ 65. Finally, as Judge Brennan's dissent stated, "the trial court properly weighed the prejudicial effect of the excluded testimony against its probative value." Id., ¶ 38. The purpose of the rape shield law is to "protect complainants from the humiliation and degradation associated with unfounded allegations regarding sexual history." Id. (quoting DeSantis, 155 Wis. 2d at 793). Thus, testimony relating to past sexual conduct is admissible only if it is both material and the probative value outweighs the prejudicial effect, and since the evidence is not material, its probative value does not outweigh the prejudicial effect. I agree with Judge Brennan's dissent that even if one were to conclude that the evidence was of some marginal materiality, the circuit court was correct to conclude that the prejudicial effect outweighed its probative value. Not only does the evidence fail to support the defense theory of the complainant's motive to lie, it is cumulative to evidence introduced at trial and the conduct is "too dissimilar" to the conduct in the charged offense to be probative. As noted in DeSantis, the prior sexual conduct must not be remote in time or dissimilar in circumstance. 155 Wis. 2d at 790-91. Here, as Judge Brennan stated:
[T]he alleged prior consensual masturbation is completely dissimilar to the masked, armed, home intru *490 sion and forcible sexual assault at trial. It is too dissimilar to pass the DeSantis admissibility test. The prejudice to the complainant from including the alleged masturbation evidence, especially when there was such a limited probative value to the defense theory, is exactly what the rape shield law was designed to eliminate.
Sarfraz, 348 Wis. 2d 57, ¶ 39 (Brennan, J., dissenting). I agree.
¶ 66. Both Jackson and DeSantis instruct that the rape shield law presumes both "low probative value and a highly prejudicial effect" when a defendant wishes to introduce evidence of prior consensual sex in the past in order to establish consensual sex with respect to the offense charged. DeSantis, 155 Wis. 2d at 784-85; Jackson, 216 Wis. 2d at 658; see also State v. Pulizzano, 155 Wis. 2d 633, 643-44, 456 N.W.2d 325 (1990).[2] Sarfraz likewise failed to demonstrate that his confrontation right or his right to present a defense were violated. See Nevada v. Jackson, 569 U.S._, 133 S. Ct. 1990 (2013); State v. Dunlap, 2002 WI 19, 250 Wis. 2d 466, 640 N.W.2d 112.
¶ 67. If anything, evidence of a previous loving, consensual, romantic relationship would more likely predict future similar conduct rather than the violent, forceful, bloody events of May 15. Simply stated, Sarfraz did not show how the prior, nonviolent, consensual relationship would predict a future violent episode or impact on the victim's truthfulness. In short, the dissimilarity of the prior acts is at odds with the materiality or probative value and admissibility of the *491 subject evidence. The circuit court properly exercised its discretion in excluding the subject evidence.
¶ 68. For the foregoing reasons, I concur.
¶ 69. I am authorized to state that Justice PATIENCE DRAKE ROGGENSACK joins this concurrence.

 State v. Pulizzano addresses a different exception under the rape shield law. 155 Wis. 2d 633, 643-44, 456 N.W.2d 325 (1990). Notably, Sarfraz's offer of proof was insufficient under that exception as well.