PER CURIAM.
¶ 1 This case involves the sexual assault and trafficking of a child. Willie E. Nelson, Jr., appeals from the amended judgment convicting him of second-degree sexual assault after a four-day jury trial. Nelson contends the trial court erred in allowing the admission of other-acts evidence and excluding any reference to the child victim's pregnancy. We affirm.
¶ 2 Nelson befriended the victim, then fourteen, in late 2012/early 2013 after she fled the Racine Juvenile Detention Center. He engaged in a sexual relationship with her, gave her drugs and a place to stay, then, she claimed, put her to work as a prostitute in an area of Milwaukee known as "the track." The girl was returned to the detention center but, in early 2014, again absconded and reconnected with Nelson. As before, Nelson had sex with her and prostituted her; she gave him all of the money she made. The State charged him with two counts of trafficking of a child for the purpose of engaging in commercial sex acts and two counts of second-degree sexual assault (intercourse) of a child under sixteen.
¶ 3 At some point the victim became pregnant. She at first believed, mistakenly, it turned out, that Nelson was the father. Citing Wisconsin's rape shield law, WIS. STAT. § 972.11(2)(b) (2015-16),[1] the State successfully moved pretrial to exclude the fact of the victim's pregnancy and her initial belief that Nelson was the father. The court reasoned that, as Nelson was both prostituting and having sex with the victim, her uncertainty about paternity was not surprising, such that her claim that he fathered the child was not an "untruthful" allegation of sexual assault. See § 972.11(2)(b)3.
¶ 4 The State's second motion in limine sought to introduce other-acts evidence involving an August 2013 incident where Nelson choked and hit the victim.[2] The court granted that motion as well. It reasoned that the evidence was admissible to show Nelson's motive, intent, or modus operandi because "forced prostitution through violence and intimidation" are basic to a sex-trafficking charge and, given the serious nature of the charges, the probative value of the evidence substantially outweighed any prejudice the evidence might bring.
¶ 5 The jury found Nelson guilty of one count of second-degree sexual assault but not guilty of the other and not guilty of the two child-trafficking counts. The court sentenced him to eight years' initial confinement (IC) plus nine years' extended supervision (ES).
¶ 6 Postconviction, Nelson moved for relief on grounds that the trial court erred in excluding the pregnancy evidence and in admitting other-acts evidence regarding the 2013 physical assault. He also contended trial counsel was constitutionally ineffective by failing to inform the court at sentencing that he had testified for the State at an unrelated homicide trial, leading to that defendant's conviction, such that his own sentence should be modified. The court denied the motion as to the evidentiary claims, but granted it in regard to his sentencing request and reduced his IC to seven years. Nelson appeals.
¶ 7 Nelson renews his claims of evidentiary error on appeal. Both issues implicate the trial court's broad discretion in whether to admit or exclude evidence. State v. Nelis , 2007 WI 58, ¶ 26, 300 Wis. 2d 415, 733 N.W.2d 619. We will not find an erroneous exercise of discretion unless the trial court "applied the wrong legal standard in the exercise of its discretion or ... the facts of record fail to support the [trial] court's decision." State v. Ringer , 2010 WI 69, ¶ 24, 326 Wis. 2d 351, 785 N.W.2d 448.
¶ 8 The trial court excluded the pregnancy and paternity evidence in reliance on the rape shield law, WIS. STAT. § 972.11, which generally prohibits evidence of the complainant's prior sexual conduct because it has "low probative value and a highly prejudicial effect." State v. DeSantis , 155 Wis. 2d 774, 784-85, 456 N.W.2d 600 (1990). One exception is evidence of prior untruthful allegations of sexual assault. Sec. 972.11(2)(b)3. Before the court admits evidence of prior untruthful allegations, it must determine whether the proffered evidence: (1) fits within § 972.11(2)(b)3., (2) is material to a fact at issue in the case, and (3) is of sufficient probative value to outweigh its inflammatory and prejudicial nature. DeSantis , 155 Wis. 2d at 785.
¶ 9 Nelson claimed he and the victim did not have a sexual relationship and that she prostituted herself, such that the trial court should have permitted the jury to hear about the victim's pregnancy and her "false" allegation of paternity. For evidence of prior untruthful allegations of sexual assault to be admissible under the WIS. STAT. § 972.11(2)(b)3. exception, the court had to be able to conclude that a reasonable person could infer that the allegations actually were untruthful. See DeSantis , 155 Wis. 2d at 788. There is a difference between "untruthful" and "mistaken." There was ample evidence that Nelson was both having sex with the girl and that she worked as a prostitute. Until DNA evidence proved otherwise, there was no showing that her allegation was untruthful. We reject Nelson's assertion that her "false" claim that he was the father was essential to undermining her credibility.
¶ 10 The pregnancy evidence also was not material to a fact at issue in the case. Material evidence is "probative of a fact (or proposition) 'of consequence' to the determination of the action." State v. Sarfraz , 2014 WI 78, ¶ 42, 356 Wis. 2d 460, 477, 851 N.W.2d 235 (citation omitted). Her pregnancy and original belief regarding paternity is immaterial to the ultimate question of whether Nelson sexually assaulted or trafficked her. Even if marginally probative, it was far outweighed by its potential prejudicial value-that promiscuity drove her sexual relationships with Nelson and multiple other men. The three DeSantis factors are not met.
¶ 11 Nelson's other-acts challenge fares no better. Admissibility of other-acts evidence is determined by assessing whether: (1) the evidence is offered for a permissible purpose under WIS. STAT. § 904.04(2) ; (2) it is relevant under WIS. STAT. § 904.01 ; and (3) its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the jury, needless delay, or unnecessary repetition under WIS. STAT. § 904.03. State v. Sullivan , 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998). The probative value of other-acts evidence depends upon the other act's nearness in time, place, and circumstances to the alleged crime. Whitty v. State , 34 Wis. 2d 278, 294, 149 N.W.2d 557 (1967). Section 904.04(2) favors admissibility of other-acts evidence unless it is offered to prove the propensity of the defendant to commit similar acts. See State v. Speer , 176 Wis. 2d 1101, 1115, 501 N.W.2d 429 (1993).
¶ 12 Nelson contends the other-acts evidence fails the Sullivan analysis and should have been excluded under WIS. STAT. § 904.04(2). He argues that the battery was but a "one-time occurrence," was different in time, location, and substance from the sexual assault alleged in the complaint, that he was not arrested for or charged with the battery, that the victim herself claimed she sustained her injuries in an armed robbery, and that admitting the evidence served to mark him as "not only as a sexual trafficker but also as a child beater, a bad person, who routinely hit and choked children."
¶ 13 We disagree. The assault occurred after the victim had absconded from a "home pass" from her juvenile detention center. She ran into an acquaintance who took her to Nelson, who then hit and choked her so she would return to "the track." The physical abuse showed motive and intent and was part of his modus operandi in trafficking a minor like her. Motive and intent are acceptable purposes under WIS. STAT. § 904.04(2). The evidence also was relevant because it demonstrated how he controlled her through fear and intimidation. As the battery occurred in the presence of two other of his prostitutes, it also sent them a cautionary message about the consequences of disobeying him.
¶ 14 Finally, the probative value of the evidence was not substantially outweighed by unfair prejudice. Nelson complains that the August 13 evidence by itself unfairly portrayed him as a "bad man." It could not, given the similarity between that incident and the other violence the victim testified to experiencing at his hands. She testified that she felt she could not decline his demands that she work "the track" because he hit her "a lot" and would "put his hands on [her] and threaten to kill [her]," that the August 2013 battery left her with "strangulation marks" on her neck, "a lot of lumps" on her head, and facial bruises, and that, after the attack, she complied with his insistence that she return to "the track." The battery evidence demonstrated that Nelson's pattern was to control her through fear. Further, because the victim was a child, the trial court had greater latitude in exercising its discretion in admitting this evidence. See State v. Hammer , 2000 WI 92, ¶ 23, 236 Wis. 2d 686, 613 N.W.2d 629. We see no misuse of discretion in the evidentiary rulings.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless noted.

The Honorable Timothy G. Dugan decided the rape shield motion in limine. The Honorable Ellen R. Brostrom decided the other-acts motion in limine, presided over the trial, and sentenced Nelson. The Honorable Jeffrey A. Wagner decided the postconviction motion and modified Nelson's sentence. Nelson challenges only matters that arose at trial.