COURT OF APPEALS
DECISION
DATED AND FILED

November 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP584-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF2887

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAVID CHARLES SMITH,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed.*

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. David Charles Smith appeals the judgment of conviction for multiple counts of sexual assault of two children. Smith argues that the trial court erred in its evidentiary rulings regarding allegations of one child's prior conduct, which the court determined was inadmissible under the rape shield law. Further, Smith contends that there was insufficient evidence to prove all elements of the assault of the second child. We reject his arguments, and accordingly, affirm the judgment.

## BACKGROUND

¶2     This case arises out of allegations that Smith sexually assaulted Theresa[1] and Natalie, the ten-year-old and nine-year-old daughters of Smith's girlfriend, Brenda. According to the criminal complaint, Theresa initially reported in October 2017 that Smith had vaginal intercourse and mouth-to-penis intercourse with her on multiple occasions. No charges were filed until June 2018, when Theresa was seen at Children's Hospital after months of complaints of black vaginal discharge, foul odor, and pain. Theresa disclosed during the medical exam that Smith had inserted something long and black into her vagina and that the object came from her closet. The medical staff located a foreign object in Theresa's vagina, which was black, cylindrical, approximately three inches long, and was described as the rubber end of a curtain or shower rod.

---

[1] In accordance with WIS. STAT. RULE 809.86 (2019-20), we refer to the children by pseudonyms to protect their privacy. Although the children's mother was convicted of a crime in connection with this case, we use a pseudonym for her in an effort to protect the children.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶3      As a result of the allegations by Theresa, a case worker from the Division of Milwaukee Child Protective Services (DMCPS) also met with Natalie, who disclosed that Smith had vaginal intercourse with her, but she was scared to tell her mom out of fear of Smith.  Ultimately, the State charged Smith with (1) first-degree sexual assault of a child by sexual intercourse with a child under twelve years of age for an assault of Theresa occurring in September 2017; (2) repeated sexual assault of a child consisting of three or more assaults of Theresa occurring between October 2016 and October 2017; and (3) first-degree child sexual assault by sexual contact with a child under age thirteen for contact with Natalie occurring between March 2018 and June 2018.

¶4      The trial court made three evidentiary rulings prior to the trial in November 2018 that are at issue on appeal.  First, the State moved to exclude evidence from the DMCPS records that might show Theresa "acting out in a sexualized manner."  Smith objected, arguing that police and DMCPS reports alleged behavior by Theresa that should be disclosed.[2]  The trial court granted the State's motion to prohibit the defense from making any reference to any information, report, or allegations that Theresa acted out in a sexualized manner, finding that any allegations were protected under the rape shield law.

¶5      Second, the State moved to exclude any reference to evidence of Theresa's prior sexual abuse allegation against her mother's former boyfriend, as well as Theresa's subsequent recantation.  Smith objected and argued that this evidence was admissible under the exception to the rape shield law for evidence of

_____

[2] Although Smith made allegations in his motion about Theresa's conduct, the underlying reports he referenced are not in the appellate record.  We decline to repeat the allegations.

a victim's prior untruthful allegation of sexual assault. The trial court disagreed and granted the State's motion, finding that recanting an abuse allegation does not prove it was untruthful or false.

¶6      Finally, Smith moved to admit other-acts evidence drawn from the State's expert's report that described hospital records of Theresa attempting to harm herself and place items inside her vagina while in the Children's Hospital emergency department in June 2018. Smith argued that evidence that Theresa placed items in her vagina was relevant to the defense's theory that the object found in Theresa's vagina was not put there by Smith. Further, Smith argued that it would provide a non-sexual explanation for the object because in medical records for the incident in 2018, Theresa explained that she put something in her "private area because [she] was mad." The State contended that Smith's view that not all vaginal contact is sexual did not have merit in this situation involving an eleven-year-old child acting out after severe sexual abuse. Therefore, the State argued that the rape shield law precluded the admission of the proffered other-acts evidence. The trial court denied the defense motion to admit this evidence.

¶7      After a five-day trial, the jury returned guilty verdicts on all three charges against Smith. The trial court imposed sentences that totaled eighty years, bifurcated as fifty years of initial confinement and thirty years of extended supervision.

¶8      Smith appeals. Additional facts are included below as necessary.

**DISCUSSION**

¶9      Smith argues that several of the trial court's evidentiary rulings were in error and require a new trial on counts one and two, which are based on the

sexual assaults of Theresa. Additionally, Smith contends that there was insufficient evidence to prove count three for the sexual assault of Natalie, and he requests vacating the judgment and acquittal. Smith's arguments regarding these charges are unavailing, and we affirm all three counts.

## I.  *Evidentiary rulings*

¶10    We begin with the evidentiary rulings that Smith challenges related to counts one and two. The decision to admit or exclude evidence is an exercise of discretion by the trial court. *See* ***State v. Ringer***, 2010 WI 69, ¶24, 326 Wis. 2d 351, 785 N.W.2d 448. We will sustain a court's decision unless it erroneously exercised its discretion. ***State v. Hunt***, 2014 WI 102, ¶20, 360 Wis. 2d 576, 851 N.W.2d 434. The trial court erroneously exercises its discretion if it applies an improper legal standard or if its decision is not reasonably supported by the facts in the record. ***Id.***

¶11    Because the State's motion to exclude any allegations of Theresa's sexualized behavior and Smith's motion for admission of other-acts evidence of Theresa's sexualized behavior requires us to consider similar facts, we address the court's rulings together. Smith concedes that evidence of allegations of Theresa's sexualized behavior would be inadmissible in light of the rape shield law, Wis. Stat. § 972.11, which generally prohibits the introduction of any evidence of the complaining witness's prior sexual conduct "regardless of the purpose." Sec. 972.11(2)(c); ***Ringer***, 326 Wis. 2d 351, ¶25.[3] Smith argues, however, that the

---

[3] In his reply brief, Smith does not refute the State's argument that any evidence of Theresa's behavior was properly excluded by the rape shield law. Accordingly, we consider Smith to have conceded this issue. *See* ***United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession).

State "opened the door" to evidence of Theresa's sexualized behavior by presenting evidence of the black rubber object retrieved from Theresa's vagina and by suggesting that Smith placed the object there.

¶12     "Opening the door" refers to the curative admissibility doctrine which is "applied when one party accidentally or purposefully takes advantage of a piece of evidence that would normally be inadmissible." *State v. Dunlap*, 2002 WI 19, ¶14, 250 Wis. 2d 466, 640 N.W.2d 112.  The trial court "may allow the opposing party to introduce otherwise inadmissible evidence if it is required by the concept of fundamental fairness to prevent unfair prejudice." *Id.*  Smith contends that fundamental fairness requires that Smith be permitted to introduce evidence of other ways that the object could have gotten into Theresa's vagina, evidence which includes what the trial court excluded under the rape shield law for prior sexual conduct.

¶13     The State argues that Smith forfeits and misunderstands the curative admissibility doctrine.  Smith failed to object that the State was "opening the door" at the pretrial motion hearings on the evidentiary rulings or during the trial when the State introduced evidence of the black rubber object.  Therefore, he forfeits his argument on appeal.  *See State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (holding that the failure to object to the trial court constitutes a forfeiture of the right on appellate review).[4]

---

[4]  In addition to the fact that Smith forfeited his argument, we note that Smith does not refute the State's position that the evidence that the black rubber object retrieved in Theresa's vagina was admissible and, therefore, he concedes that the curative admissibility doctrine does not apply because there was no evidence erroneously admitted in the State's favor. *See United Coop.*, 304 Wis. 2d 750, ¶39 (failing to refute a proposition asserted in a response brief may be taken as a concession).  Therefore, we do not address the issue.

¶14 Next, Smith raises a new argument on appeal. He asserts that under the "opening the door" curative admissibility doctrine, the evidence of Theresa's behavior or conduct implicated his constitutional right to a fair trial and to present a defense. The State argues that Smith's argument is undeveloped. We agree and we decline to address this issue any further. *See* *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we may decline to review issues that are inadequately briefed or have undeveloped legal arguments). Further, we note that Smith concedes in his reply that his argument is undeveloped but states he is not relying on the constitutional argument.

¶15 Finally, Smith introduces a new argument in his reply brief, asserting that it is unfair for the State to argue that the evidence of the black rubber object shows that Smith assaulted Theresa without then allowing Smith to present relevant, alternate means by which the black rubber object came to be found in Theresa's vagina. We decline to address arguments made for the first time in a reply brief and we do not consider this argument any further. *See* *State v. Marquardt*, 2001 WI App 219, ¶39, 247 Wis. 2d 765, 635 N.W.2d 188.

¶16 We now turn to the trial court's decision to grant the State's second motion excluding evidence of Theresa's recantation of allegations of sexual abuse against one of her mother's former boyfriends. Smith argues that the third exception to the rape shield law for evidence of prior untruthful allegations of sexual assault made by the complaining witness applies. *See* WIS. STAT. § 972.11(2)(b)3. Smith asserts that because Theresa recanted her allegation of sexual abuse, it was a prior untruthful allegation. The trial court rejected this argument in its ruling, concluding that recanting an allegation of sexual abuse alone is not proof that the allegation was untruthful.

¶17     The trial court is tasked with close scrutiny of a motion to admit evidence under the exception to the rape shield law for "prior untruthful allegations of sexual assault." *Ringer*, 326 Wis. 2d 351, ¶26.  Under *State v. DeSantis*, 155 Wis. 2d 774, 785, 456 N.W.2d 600 (1990), the trial court must make three determinations under WIS. STAT. § 972.11(2)(b)3. and WIS. STAT. § 971.31(11) before admitting this evidence at trial:  (1) that the evidence falls under the exception set forth in § 972.11(2)(b)3.; (2) that the evidence is "material to a fact at issue in the case"; and (3) that the evidence is "of sufficient probative value to outweigh its inflammatory and prejudicial nature[.]" *DeSantis*, 155 Wis. 2d at 785; *see also Ringer*, 326 Wis. 2d 351, ¶27.  In addressing the first consideration whether the evidence fits within § 972.11(2)(b)3. "the defendant should produce evidence … sufficient to support a reasonable person's finding that the complainant made prior untruthful allegations." *DeSantis*, 155 Wis. 2d at 787-88.  The trial court must determine whether the defendant has satisfied his burden, that is, "whether the defendant has established a sufficient factual basis for allowing the jury to hear the evidence." *Ringer*, 326 Wis. 2d 351, ¶29.

¶18     Smith argues that a jury might believe Theresa's statement that her allegation was false, but acknowledges that a jury might believe that the recantation was false.  In response, the State argues that Smith has failed to satisfy his burden because he offers no evidence beyond the recantation to support that the allegation was untruthful and he cannot show it is more likely than not untruthful.  Therefore, the State asserts that the trial court's conclusion that the evidence was inadmissible was a reasonable exercise of discretion.  Smith does not refute the State's argument.  Therefore, we conclude that Smith concedes that the recantation alone did not satisfy his burden of proof.  *See United Coop. v.*

*Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession). Accordingly, we conclude Smith failed to satisfy his burden under WIS. STAT. § 972.11(2)(b)3.[5] *See Ringer*, 326 Wis. 2d 351, ¶28.

¶19 We conclude that Smith has failed to show that the trial court's evidentiary rulings applied an improper standard of law or were not based on the facts in the record. Therefore, we affirm the judgment of conviction for counts one and two.

## II. Sufficiency of the evidence

¶20 We now turn to Smith's challenge to the sufficiency of the evidence as to count three, in which he was convicted of one count of first-degree child sexual assault of Natalie. In reviewing the sufficiency of the evidence to support a conviction, we may not substitute our "judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably," could have found the requisite guilt. *See State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). "If more than one inference can be drawn from the evidence, we must adopt the inference that supports the conviction." *State v. Long*, 2009 WI 36, ¶19, 317 Wis. 2d 92, 765 N.W.2d 557.

¶21 To prove first-degree sexual assault of a child by sexual contact with a person who has not obtained the age of thirteen, contrary to WIS. STAT.

---

[5] Because we accept Smith's concession, we decline to address Smith's additional arguments and the State's unrefuted responses further.

§ 948.02(1)(e), the State had to prove two elements beyond a reasonable doubt: (1) that Smith had sexual contact with Natalie, and (2) that Natalie was under the age of thirteen at the time of the alleged sexual contact. *See* WIS JI—CRIMINAL 2102E. For this offense, "sexual contact" under Wisconsin law includes an intentional touching of the vagina, which may have been made directly or through clothing and may have been done by any body part or by any object. WIS. STAT. § 948.01(5). Sexual contact also requires that Smith acted with intent to either become sexually aroused or gratified, or to cause bodily harm to Natalie, or to sexually degrade or humiliate Natalie. *Id.*

¶22 Smith concedes that the State had proven that intentional touching occurred, but asserts that the State has not proven that he acted with an intent to be sexually aroused or gratified through that touch. "Intent to become sexually aroused or gratified, like other forms of intent, may be inferred from the defendant's conduct and from the general circumstances of the case—although the jury 'may not indulge in inferences wholly unsupported by any evidence.'" *State v. Drusch*, 139 Wis. 2d 312, 326, 407 N.W.2d 328 (Ct. App. 1987) (citation omitted). The State argued there was a sufficient factual basis in the trial testimony for the jury to infer Smith's purpose for touching Natalie and find that it satisfied the element of sexual contact. Smith did not refute the State's argument; therefore, we consider Smith to have conceded this issue. *See United Coop.*, 304 Wis. 2d 750, ¶39.

¶23 Even if we were to ignore Smith's concession, the record reflects there was evidence to support this element. The State presented evidence from several police officers and DMCPS case workers, whose testimony included that Natalie disclosed that Smith "had been having sex with her" and that "sex meant that he was putting his privates inside of her private." Natalie defined her private

10

using a diagram and identified her vagina. Natalie also expressed fear for sharing "family business" and her reticence continued in a forensic interview and in her testimony at trial. At the trial, Natalie testified that Smith touched her on her "private part" over her clothing, after identifying the male and female genitals on diagrams while on the witness stand. We conclude that the jury could reasonably infer from the evidence presented of Natalie's disclosures to various authorities as well as her testimony on the stand that there was no reasonable theory of innocence for the touching allegations. *See **Drusch***, 139 Wis. 2d at 327. Ultimately, we conclude that Smith's challenge to the sufficiency of the evidence fails.

## CONCLUSION

¶24 We conclude that Smith has failed to show that the trial court erred when it made evidentiary rulings related to counts one and two, which supported his convictions for sexual assaults of Theresa. Further, we conclude that the evidence was sufficient to support count three for sexual contact with Natalie. Accordingly, we affirm the judgment of conviction for counts one, two, and three.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.